# CASES

## ARGUED AND DETERMINED

#### IN THE

# United States Circuit and District Courts.

---

### FREEMAN *v.* BUTLER.

#### (*Circuit Court, D. Kentucky.* May 11, 1889.)

1. REMOVAL OF CAUSES—CITIZENSHIP—PETITION—AMENDMENT.

   Where neither the petition for removal of a cause from state to federal court on the ground of diverse citizenship, under the removal act of March, 1887, nor the record, shows that defendant was a non-resident of the state where the suit was brought at the time of filing the petition, the federal court does not obtain jurisdiction, and cannot allow the petition to be amended so as to give it jurisdiction.

2. SAME—REMAND.

   Where the federal court has remanded the cause because of the defective record and petition, an amended petition, filed in the state court, relates back to the time when the original petition was filed, and is in time if that was.

3. SAME.

   The federal court not having obtained jurisdiction, its order remanding the cause is no bar to a subsequent removal on the same transcript.

4. SAME—APPEAL.

   A petition for removal, filed in the state court on the earliest day possible, is an abandonment of a prior appeal from an interlocutory order which cannot be superseded, where the appeal does not appear to have been perfected.

At Law. On motion to set aside a former order, and to file papers.

*A. P. Humphrey*, for complainant.

*A. W. Sanders*, for defendant.

BARR, J. The defendant, Butler, on the 1st day of May, 1889, filed in this court a transcript of a record from the common pleas court of Knox county, state of Kentucky, in which J. T. Freeman was plaintiff, and the said Butler was defendant. Subsequently the plaintiff, Freeman, by counsel, entered his appearance in this court, and moved that the cause be remanded to the state court, from whence it had been removed. This court, after an examination of the transcript on file, and the hear-

v.39F.no.1—1

ing of the argument of counsel, remanded the cause to the state court, because it did not appear from the allegations of the petition for removal to this court, or from the record in the state court, that Butler was a non-resident of the state of Kentucky at the time of the filing of his petition for removal. The defendant, Butler, presents a petition to the court, in which he alleges that, subsequent to the order of this court remanding the cause, he filed a copy of said order in the common pleas court of Knox county, and then filed in said court an amended petition for the removal of the cause to this court, in which he corrected the omissions of the first petition, and he now offers to file a complete transcript of the record in the cause in the state court, including the amended petition for removal, and asks that the same be docketed and proceed here. He also asks that the order of this court remanding the cause be set aside. The plaintiff, Freeman, appears by counsel and objects to both motions.

The questions raised by these motions are: (1) Whether this court can set aside the order remanding the cause to the state court, after that order has been presented to the state court by the defendant, Butler, and entered on its records. (2) If this court has the control over this order to set it aside, can it allow the petition for removal, which was originally filed in the state court, to be amended here? (3) Should the court allow the transcript now tendered to be filed, and proceed with the cause here?

The court decided that the transcript which was heretofore filed did not give it jurisdiction of the cause, because neither the petition for removal nor the record showed that Butler was a non-resident of the state of Kentucky at the time the petition for removal was filed. That petition made no allegation upon the subject of the non-residency of the defendant, Butler, and, although the plaintiff's petition stated that he (Butler) was a non-resident of the state at the time of the filing of his petition, that was not enough. The language of the second section of the act of March, 1887, is "being non-residents of that state." This may not require a defendant who is a citizen of another state, and who is sued in a state court, to be a non-resident of the state in which he is sued at the commencement of the action,—and as to this it is not necessary to express an opinion,—but I think it is plain the defendant must be a non-resident at the time of the filing of the petition for removal, and that must appear affirmatively in the record which is sent from the state court. The allegations of a petition may be aided by the facts which are alleged, or otherwise appear in the record, but the necessary facts to give this court jurisdiction must appear affirmatively. *Robertson* v. *Cease*, 97 U. S. 646; *Chapman* v. *Barney*, 129 U. S. 681, 9 Sup. Ct. Rep. 426.

This court has ordinarily control over its orders during the term in which they are entered, but here the order remanding the cause to the common pleas court of Knox county has been executed, by being filed and entered upon the records of that court. I am therefore inclined to the opinion that this court has lost control of the order. This, however, is not necessary to decide, as I am of the opinion that if this court had

control of the order remanding the cause to the state court it could not allow the grounds for the removal from the state court to be made out by an amendment of the petition of removal in this court. The reason is that this court never had jurisdiction of the cause of *Freeman* v. *Butler* brought in the state court, because the facts which were necessary to give it jurisdiction were not in the record. The question of jurisdiction in such cases arises between the state and federal courts. The federal courts get jurisdiction, if at all, by removal from the state court. The jurisdiction depends upon, and is grounded upon, not only the fact of the difference in the citizenship, and the non-residence of the defendant seeking to remove the cause from the state court, but upon the further fact that these essentials appear in the transcript of the record from the state court. Undoubtedly, congress could have provided that this class of cases should be removed by the circuit court upon petition filed there, and by means of a *certiorari*, but it has not so enacted. Congress has provided this mode of removal from the state courts when the ground for removal is local prejudice or influence, but in all other cases it requires the petition to be filed in the state court where the suit is pending. There may be some difference in the language of the opinions of the supreme court, but the decisions are consistent. The court has uniformly decided that when the petition for removal has been filed in the state court, and the allegations, being taken as true, are sufficient to give the federal court jurisdiction, and the proper bond has been executed, the jurisdiction of the state court ceases, and the jurisdiction of the federal court attaches. *Railroad Co.* v. *Koontz*, 104 U. S. 5; *Steam-Ship Co.* v. *Tugman*, 106 U. S. 118, 1 Sup. Ct. Rep. 58; *Stone* v. *South Carolina*, 117 U. S. 430, 6 Sup. Ct. Rep. 799; *Railway Co.* v. *Dunn*, 122 U. S. 514, 7 Sup. Ct. Rep. 1262. In the later case, *Railway Co.* v. *Dunn*, the supreme court again declares that all issues of fact arising on the petition for removal or upon the grounds for removal must be tried in the federal courts, and uses this language:

"The theory on which it rests is that the record closes, so far as the question of removal is concerned, when the petition for removal is filed, and the necessary security furnished. It presents then to the state court a pure question of law, and that is whether, admitting the facts stated in the petition for removal to be true, it appears on the face of the record, which includes the petition and the pleadings and proceedings down to that time, that the petitioner is entitled to a removal of the suit. That question the state court has a right to decide for itself."

The court go on to say that if the state court errs in keeping the case, and that decision is affirmed by the supreme court of the state, the supreme court of the United States can correct the error. This, however, does not prevent the transcript from being filed in the United States circuit court, and the case proceeding there, if that court decides that the facts as stated, if taken as true, properly transfer the case. This right of decisions in both the state and federal courts as to the sufficiency of the allegations of the petition to remove the cause is certainly undesirable, but such is the will of congress, as determined by the supreme court.

This right of decision which is declared to remain in the state court is clearly inconsistent with the right of the United States circuit court to allow an amendment of the petition for removal so as to state the facts necessary to give that court jurisdiction. It is possible to have uniformity of decision upon the question of whether or not in a particular case the jurisdiction of the state court has ceased, and the jurisdiction of the United States circuit court has attached at a certain time, if the supreme court is to revise the decisions of the state and federal courts upon the same record, but is utterly impossible if the federal courts are authorized to allow necessary jurisdictional facts to be pleaded after the cause has been removed from the state court. The true distinction in these cases is stated by the supreme court, but the question under discussion was left undecided. The distinction is that where the facts, as stated, or which are in the record, if true, would give the circuit court jurisdiction, then the jurisdiction attaches, and then the amendments may be allowed, even to the extent of changing the grounds upon which the court is to continue its jurisdiction; but if the allegations in the petition of removal or the facts in the record as filed, if true, are not sufficient to transfer the case from the state court, then the federal court never had jurisdiction, and of course cannot take jurisdiction for the purpose of allowing an amendment. In *Carson* v. *Dunham*, 121 U. S. 427, 7 Sup. Ct. Rep. 1032, in considering this question, the court uses this language:

"The petition, [removal,] on its face, made a case for removal by reason of the citizenship of the parties, and the suit was properly taken from the state court and entered in the circuit court on that ground, if not on the others. The statute made it the duty of the state court to proceed no further until its jurisdiction had in some way been restored. Had it proceeded, its judgment could have been reversed, because on the face of the record its jurisdiction had been taken away. The suit was therefore rightfully in the circuit court when the record was entered there, and when the answer was filed, which, for the purposes of jurisdiction, may fairly be treated as an amendment to the petition for removal, setting forth the facts from which the conclusions there stated were drawn. As an amendment, the answer was germane to the petition, and did no more than set forth in proper form what had before been imperfectly stated. To that extent we think it was proper to amend a petition which on its face showed a right to the transfer. Whether this could have been done if the petition as presented to the state court had not shown on its face sufficient ground of removal we do not now decide."

The petition of Butler as originally presented to the state court, taken with Freeman's petition, did not state facts, if true, sufficient to give this court jurisdiction. Hence, as the court did not have jurisdiction, but the jurisdiction remained in the state court, it cannot allow that petition to be amended so as to state facts which are necessary to give this court jurisdiction. In the recent case of *Cameron* v. *Hodges*, 127 U. S. 324, 8 Sup. Ct. Rep. 1156, in which one of the parties sought to file an affidavit in the supreme court, and thus amend his grounds of removal from the state court, the court refused him leave, and uses this very pertinent language:

"The case in this court must be tried upon the record made in the circuit court. In this instance there has been a removal from a tribunal of a state

into a circuit court of the United States, and there is no precedent known to us which authorizes an amendment to be made, even in the circuit court, by which grounds of jurisdiction may be made to appear which were not presented to the state court on the motion for removal."

This is not a decision, because the question of an amendment in the circuit court did not arise for determination, but it clearly shows the trend of the court, and taken with the case of *Carson* v. *Dunham, supra,* indicates at least a decided opinion of the distinguished justice (MILLER) who decided the case, and to whom the question was evidently not new. What is said in *Grace* v. *Insurance Co.*, 109 U. S. 278, 3 Sup. Ct. Rep. 207, is not inconsistent with the opinion expressed in *Cameron* v. *Hodges.* The case of *Parker* v. *Overman*, 18 How. 139, decided in 1855, is seemingly against the view here presented, but it does not distinctly appear where the amendment was made,—whether in the state or the federal court. Whatever may have been the fact in that case, it is evident the mode and manner of removing a case from the state courts to the United States courts had not then received the careful consideration they have had since that time. The distinction suggested by the court in *Carson* v. *Dunham* is sound and logical. Unless the supreme court shall decide amendments alleging facts indispensable to give the circuit court jurisdiction in removal cases cannot be allowed in any other than the state courts in which they were pending, then the court must overrule the decision in *Railway Co.* v. *Dunn*, in which it is said the state court may decide for itself whether or not the allegations of the petition for removal are sufficient to remove the cause, and decide that whenever a petition for removal is filed, whether sufficient or insufficient on its face, the state court ceases to have jurisdiction and the jurisdiction of the federal court attaches, without regard to the allegations of the petition. It follows from what has been written that in our opinion the common pleas court of Knox county was not divested of its jurisdiction until the jurisdictional facts were alleged in a petition for removal, or that they appear otherwise in the record. The order of this court on May 1st, remanding the case to the state court, was simply a declaration of this court that the case had not been transferred to it, and that therefore it did not have jurisdiction. Hence the amended petition for removal was properly filed in the state court, and upon the execution of the bond the state court ceased to have any further jurisdiction over the case, and the jurisdiction of this court attached, unless it was too late, or the defendant had lost the right to a removal to this court because of his previous acts in the state court or in this court, or in both.

The original suit was brought April 6, 1889, and the summons, which was returnable at the next ensuing April term of the Knox court of common pleas that commenced April 22, 1889, was executed April 8th on Butler. On the 9th of April the judge heard, in chambers, a motion for an injunction and the appointment of a receiver. This motion was granted by the judge, and the defendant excepted to the order appointing a receiver, and prayed an appeal, which was granted. The order appointing a receiver is an appealable order under the Kentucky

Code, but it cannot be superseded, and in the mean time the suit itself remains in the lower court. The court of common pleas commenced on the 22d of April, and the answer of Butler was due on the third day of the term, but he did not wait, and filed his petition for the removal to this court on the 22d of April, the first day of the term, and executed bond. Subsequently he filed a transcript of the then record in this court. The plaintiff appeared in this court, and on May 1st moved to remand the case, which was done for the reason already stated. Subsequently, on the 3d day of May, and during the same term of the Knox county common pleas court, the defendant Butler filed in that court the order of this court remanding the case, and tendered and filed an amended petition for the removal of the case to this court. The learned counsel insists that, as the amended petition was not filed until after the answer was due in the state court, it is too late, but the answer to this suggestion is that, being filed as an amended petition, it related back to the time when the original petition was filed. He also insists that, Butler having filed a transcript in this court under the petition and bond which was filed April 22, 1889, he cannot file a transcript of the same record with the addition of his amended petition filed May 3d for removal, and he refers the court to *Railroad Co.* v. *McLean,* 108 U. S. 215, 2 Sup. Ct. Rep. 498, and *Johnston* v. *Donvan,* 30 Fed. Rep. 395, as sustaining this view. The latter case is distinctly in point, but I think the learned judge who decided that case failed to recognize the distinction which we think exists between an order remanding a case to the state court because the circuit court has never had jurisdiction, and that where the order remanding to the state court is made after the jurisdiction of the state court has ceased, and the jurisdiction of the federal court has attached. It is true that under the act of March, 1875, an order remanding or refusing to remand to the state court was a final order, and could be taken to supreme court by writ of error, and that such an order is now a final order under the act of March, 1887, and would, after execution, be beyond the control of the circuit court. Yet I do not think a petition for removal from a state court which does not allege the grounds which are essential to give the federal court jurisdiction and divest the jurisdiction of a state court would be a bar to another petition, which does allege all the jurisdictional facts, any more than the dismissal of a suit by the circuit court because the petition did not state the facts necessary to give the court jurisdiction would be a bar to another suit for the same cause of action in which the necessary allegations are made. The supreme court has, in *Railroad Co.* v. *McLean,* declared that if a case has been removed from the state court, and the jurisdiction is in the circuit court, an order remanding the case to the state court will bar another removal on the same transcript. But it has not declared that, if the case is remanded because the circuit court has never had jurisdiction, such an order would prevent a legal removal thereafter. The court says:

"Assuming that the second petition for removal was filed before or at the term at which the cause could have been tried in the state court, we are of

opinion that a party is not entitled, under existing laws, to file a second petition for the removal upon the same grounds, where upon the first removal by the same party the federal court declined to proceed, and remanded the suit because of his failure to file the required copy within the time fixed by the statute. When the circuit court first remanded the cause, the order to that effect not being superseded, the state court was reinvested with jurisdiction, which could not be defeated by another removal upon the same grounds, and by the same party. A different construction of the statute, it can be readily seen, might work injurious delays in the preparation and trial of causes."

It will be seen by a reference to the facts of this case that the removal from the state court was complete, and the jurisdiction of the circuit court had attached by reason of the first petition; but in the case at bar there had not been a removal from the state court, nor had the jurisdiction of this court attached.

It is insisted that because the defendant, Butler, prayed an appeal to the Kentucky court of appeals from the order of the judge made April 9, 1889, appointing a receiver, which appeal was granted, he could not thereafter file in the Knox court of common pleas a petition for removal to this court, and we are referred to the case of *Railroad Co.* v. *Railroad Co.*, 29 Fed. Rep. 337, to sustain this view. That case arose under the act of 1875. and the court indicated the opinion that the motion for an injunction which was granted in that case was a trial within the meaning of that act, and therefore the petition for removal from the state court came too late. The court commented upon the fact that the order granting an injunction had been appealed from and superseded, and that before this was done the party had an opportunity of filing his petition for removal in the state court. In the case at bar Butler could not have filed his petition until the term of the state court, which commenced on the 22d of April, which was the day upon which he did file it. The order of the judge of the state court, appointing a receiver, was appealable, but it could not be superseded. The appeal, though prayed and granted, does not appear to have been perfected by the filing of the transcript there, and we think the effect of the petition to remove to this court was an abandonment of the appeal by Butler. We are of the opinion that Butler's motions to set aside the order of May 1, 1889, and to file an amended petition of removal in this court, should be overruled, and that his motion to file the transcript from the Knox county common pleas court should be sustained, and it is so ordered.