## SANTA CLARA COUNTY v. GOLDY MACHINE CO. et al.

(Circuit Court, N. D. California. February 21, 1908.)

No. 14,562.

1. REMOVAL OF CAUSES—PETITION—CITIZENSHIP.

Where a removal petition based entirely on diversity of citizenship was filed by one of the defendants alone, and wholly failed to disclose the fact that the other defendant was merely a nominal or formal party to the action, and such fact did not sufficiently appear elsewhere in the record, the petition was fatally defective, since, for the purpose of removal, the parties must be considered collectively.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 170.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. SAME—AMENDMENT.

Where a removal petition is defective for failure to state the necessary jurisdictional facts, the omission is fatal to the right of removal, and cannot be settled or cured in the federal court by amendment.

J. H. Campbell, Dist. Atty., and C. C. Coolidge, Asst. Dist. Atty., for plaintiff.

William A. Beasley, H. Ray Fry, and William A. Bowden, for defendant Goldy Mach. Co.

VAN FLEET, District Judge. The petition for removal was filed by the defendant Goldy Machine Company alone, and wholly fails to disclose the fact, now sought to be shown in opposition to the motion to remand, that the defendant Tilden was a merely nominal or formal party defendant to the action; nor is that fact sufficiently made to appear elsewhere in the record. In fact, no reason is stated in the petition why Tilden did not unite in the application to remove, nor anything said as to his citizenship. In this respect, therefore, the petition failed to make a case entitling the first-named defendant to remove the case here by reason of diversity of citizenship of the parties—the sole ground relied upon for claiming jurisdiction in this court—since for this purpose the parties must be collectively considered. It is upon the case made by the record upon which removal is asked and had that the question of jurisdiction depends, and if there is a failure to state the necessary jurisdictional facts the omission is fatal to the right of removal, and cannot be supplied or cured in this court, for the reason that the case is not properly here, but jurisdiction still remains in the state court. Crehore v. Ohio & Miss. Ry. Co., 131 U. S. 240, 9 Sup. Ct. 692, 33 L. Ed. 144. In that case, after discussing the decisions of that court from which this principle is deduced, it is said:

"It thus appears that a case is not, in law, removed from the state court upon the ground that it involves a controversy between citizens of different states, unless, at the time the application for removal is made, the record, upon its face, shows it to be one that is removable. We say, upon its face, because 'the state court is only at liberty to inquire whether, on the face of the record, a case has been made which requires it to proceed no further'; and 'all issues of fact made upon the petition for removal must be tried in the Circuit Court.' Stone v. South Carolina, 117 U. S. 430, 432, 6 Sup. Ct.

799, 29 L. Ed. 962; Carson v. Hyatt, 118 U. S. 279, 287, 6 Sup. Ct. 1050, 30 L. Ed. 167. If the case be not removed, the jurisdiction of the state court remains unaffected, and, under the act of Congress, the jurisdiction of the federal court could not attach until it becomes the duty of the state court to proceed no further. No such duty arises unless a case is made by the record that entitles the party to a removal.

"All this is made entirely clear by the express requirement of the act of 1875 that the Circuit Court shall remand 'to the court from which it was removed' any cause brought from that court, whenever it appears that it is not one of which the federal court can properly take cognizance. Cameron v. Hodges, 127 U. S. 322, 326, 8 Sup. Ct. 1154, 32 L. Ed. 132. If a suit entered upon the docket of a Circuit Court as removed upon the ground of the diverse citizenship of the parties was never, in law, removed from the state court, no amendment of the record made in the former could affect the jurisdiction of the latter or put the case rightfully on the docket of the Circuit Court as of the date when it was there docketed; for the only mode provided in the act of Congress by which the jurisdiction of the state court of a controversy between citizens of different states can be divested is by presenting a petition and bond in that court showing, in connection with the record, a case that is removable. The present motion, in effect, is that such amendment of the record may be made in the Circuit Court, as will show that this case might have been removed from the state court, not that, in law, it has ever been so removed."

This is not an instance of a merely defective or informal statement of the necessary facts, but an entire absence of essential facts. In the former case the defect may be cured by amendment in this court (Powers v. Ry. Co., 169 U. S. 92, 101, 18 Sup. Ct. 264, 42 L. Ed. 673; Kinney v. Savings & Loan Association, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103); but in the latter, as we have seen in the case first cited, it may not. If the matter set up in the affidavits filed by the defendant Goldy Machine Company in this court had been incorporated in its petition, a different case would be presented, which might fall within the principles of the cases relied on by it; but the facts stated in the petition for removal do not bring it within the application of those principles.

The motion to remand the cause to the superior court of Santa Clara county must be granted, and it is so ordered.