## CLINE v. BELT.
### No. 47.

District Court, E. D. Kentucky, Catlettsburg.

Feb. 26, 1942.

H. R. Wilhoit, of Grayson, Ky., for plaintiff.

Stoll, Muir, Townsend, Park & Mohney and John L. Davis, all of Lexington, Ky., for defendant.

SWINFORD, District Judge.

This case is before me on the plaintiff's motion to remand and on the defendant's motion to amend his petition for removal.

The plaintiff, a resident of Kentucky, seeks to recover damages from the defendant, a resident of the State of Pennsylvania, growing out of an alleged automobile accident in Kentucky. The original action was filed in the state court and was brought here on the defendant's petition for removal. The sole jurisdictional ground on

which the defendant relies is diversity of citizenship, 28 U.S.C.A. § 41(1) (a), and that the action is subject to removal by reason of the provisions of 28 U.S.C.A. § 71. The allegations of the petition for removal on which the defendant relies to show the necessary diversity of citizenship are:

"That he was, at the commencement of this action, and has been ever since and is now a citizen and resident of the State of Pennsylvania and of no other state.

"That the plaintiff Ed. Cline, is a citizen and resident of the state of Kentucky; that the plaintiff is a citizen and resident of a state other than the State of Pennsylvania, and that the plaintiff is not a citizen and resident of the State of Pennsylvania.

"That the controversy in this action was at the time of the commencement thereof and is now wholly between citizens of this state, to-wit: the plaintiff, who is a citizen of the State of Kentucky, and the defendant, who is a citizen and resident of the State of Pennsylvania, and that the said controversy can be fully determined between the said plaintiff and the said defendant."

It will be seen from a careful reading of the language quoted that there is no allegation of the requisite diversity of citizenship at the commencement of the action. This jurisdictional ground must exist not only at the time of filing the petition for removal, but at the commencement of the action. One might gather from the whole context of the petition that the failure to so allege was an oversight or inadvertence. However, it might be equally inferred that this necessary jurisdictional fact did not exist at the commencement of the action and a failure to so allege was deliberate. It is with a view of making unnecessary such inferences, which might be entirely erroneous, that a strict construction of the language employed is required. This language should be clear and unequivocal. It should be so positive that it does not admit of doubt in the mind of the judge. He should be able to say positively that from the record before him at the time this action was commenced the plaintiff was a citizen of Kentucky and the defendant was a citizen of Pennsylvania. The language here used is not of that character.

The rule requiring positive allegations of such diversity of citizenship is based upon sound principles and well established by the authorities.

Vol. 4 Hughes Federal Practice Jurisdiction & Procedure, § 2662, says: "An amendment of the removal petition in the federal court to show that the case might have been removed, not that in law it ever has been so removed, is not allowable. If it is not alleged in the petition for removal, nor shown elsewhere in the record, that the complainants are citizens of any state, an amendment of the removal petition to supply the want cannot be allowed. So, also, if it does not appear in the removal petition, or elsewhere in the record, that the defendant was a nonresident of the state at the time of the filing of the petition."

In support of this text there is cited in the footnote the following cases: Crehore v. Ohio & M. R. Co., 1889, 131 U.S. 240, 9 S.Ct. 692, 33 L.Ed. 144. See Murphy v. Payette Alluvial Gold Co., C.C.Or.1899, 98 F. 321, holding that a removal petition could not be amended to show the requisite diversity of citizenship. Cameron v. Hodges, 1888, 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132. To the same effect see Jackson v. Allen, 1889, 132 U.S. 27, 10 S.Ct. 9, 33 L.Ed. 249. Freeman v. Butler, C.C.Ky. 1889, 39 F. 1.

A leading Supreme Court case on this question is Mattingly v. Northwestern Virginia Railroad Co., 158 U.S. 53, 15 S.Ct. 725, 726, 39 L.Ed. 894. In delivering the opinion, Mr. Chief Justice Fuller said: "The petition for removal was insufficient, as has been repeatedly determined, because it does not show of what state the plaintiff was a citizen at the time of the commencement of the action. Stevens v. Nichols, 130 U.S. 230, 9 S.Ct. 518 [32 L. Ed. 914]; Jackson v. Allen, 132 U.S. 27, 10 S.Ct. 9 [33 L.Ed. 249]; La Confiance Compagnie v. Hall, 137 U.S. 61, 11 S.Ct. 5 [34 L.Ed. 573]; Kellam v. Keith, 144 U.S. 568, 12 S.Ct. 922 [36 L.Ed. 544]."

Counsel for the defendant urges that the question made is purely technical. That is not entirely true as no one could be positive from the allegation of the petition that at the time that the action was commenced Ed Cline was not a resident of Pennsylvania. Even though considered technical it should not therefore destroy the necessity of observing a strict compliance. The right to remove at all is a purely technical right, a statutory right or gratuity whose scope and limitations were

fixed by the Congress. Congress could just as easily have given the right as of the time of filing the petition for removal but it did not see fit to do so. Its reasons are obvious. Jurisdiction of the state court could have been defeated after the action was begun. Such an attempt might be being made here judging from the allegations of the petition for removal on which the defendant's rights to federal jurisdiction must rest entirely.

■ The defendant, relying upon section 274c of the judicial code, 28 U.S.C.A. § 399, offers to amend. Section 29 of the Judicial Code, 28 U.S.C.A. § 72, provides that a petition for removal must be filed at any time before answer is due. The amendment was not offered within the time allowed by this section. Consequently since the petition for removal was in reality not a petition for removal because of its failure to allege a jurisdictional fact the amendment would have had to have been filed within the statutory time. That is within twenty days after the execution of the process in the state court. This was not done.

Section 274c of the Judicial Code provides that a defective pleading may be cured by amendment. That is not the instant case. There is no pleading of the required facts at all. This is not an attempt to cure a defect but to make an entirely new allegation.

The following language is quoted from the case of Town of Fairfax, Oklahoma, v. Ashbrook et al., D.C., 3 F.Supp. 345, 346: "However, amendments to petitions for removal may be permitted only where the amendment is one to cure technical defects or to amplify the allegations of the petition. Frazier v. Hines, D.C., 260 F. 874. Thus, the amendment must do no more than set forth in proper form what has been before imperfectly stated in the petition for removal. A removal petition containing the ultimate facts required by law may be amended to allege in detail the facts, such as a fraudulent joinder. Donovan v. Wells Fargo & Company [8 Cir.], 169 F. 363, 22 L.R.A.,N.S., 1250. An amendment cannot be made to supply allegations necessary to show that the cause is removable (Missouri, K. & T. R. Co. v. Chappell, D.C., 206 F. 688; Santa Clara County v. Goldy Mach. Co., supra [C.C., 159 F. 750]; Shane v. Butte Elec. R. Co., C.C., 150 F. 801), or to set up entirely new and different grounds for removal. Southern R. Co. v. Lloyd, 239 U.S. 496, 36 S.Ct. 210, 60 L.Ed. 402;

Nelms, Kehoe & Nelms v. Davis, D.C., 277 F. 982. An additional petition presented to the federal court with the removal papers, alleging facts not stated in the petition to the state court, cannot be looked to to confer jurisdiction. Waite v. Phoenix Ins. Co., C.C., 62 F. 769."

To hold that the petition for removal stated that at the commencement of the action there was diversity of citizenship would be writing something into the petition which it did not state. To permit an amendment under Section 274c of the code would be allowing an allegation of jurisdiction to be made which was not made at the proper time and a violation of Section 29 of the code. In order to maintain orderly procedure in the administration of the business of the courts it is essential that rulings, especially on procedural matters, be uniform and the best way to maintain that uniformity is for the judges to accept the acts of Congress as written and not construe into non-recognition the plain provisions of the statute and to constantly bear in mind that Congress could have employed different language and enlarged the scope of a given statute had it so desired.

I hesitate to quote further from authorities in this already too lengthy opinion, but the Kentucky case of Freeman v. Butler, supra [39 F. 4], so well expressed the importance of this observance that I quote the following:

"This right of decision which is declared to remain in the state court is clearly inconsistent with the right of the United States circuit court to allow an amendment of the petition for removal so as to state the facts necessary to give that court jurisdiction. It is possible to have uniformity of decision upon the question of whether or not in a particular case the jurisdiction of the state court has ceased, and the jurisdiction of the United States circuit court has attached at a certain time, if the supreme court is to revise the decisions of the state and federal courts upon the same record, but is utterly impossible if the federal courts are authorized to allow necessary jurisdictional facts to be pleaded after the cause has been removed from the state court. The true distinction in these cases is stated by the supreme court, but the question under discussion was left undecided. The distinction is that where the facts, as stated, or which are in the record, if true, would give the circuit

court jurisdiction, then the jurisdiction attaches, and then the amendments may be allowed, even to the extent of changing the grounds upon which the court is to continue its jurisdiction; but if the allegations in the petition of removal or the facts in the record as filed, if true, are not sufficient to transfer the case from the state court, then the federal court never had jurisdiction, and of course cannot take jurisdiction for the purpose of allowing an amendment."

The motion to amend should be overruled and the motion to remand should be sustained. Orders to that effect are this day entered.

The reasons given in this opinion apply to the companion case of L. E. Sparks, Administrator, etc. v. Newton O. Belt and orders to the same effect are being entered simultaneously in that case.