**Mitchell JACKSON, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 76–227.**

United States District Court,
E. D. Kentucky,
London.

July 14, 1977.

Robert L. Milby, Hamm, Taylor, Milby & Farmer, London, Ky., for plaintiff.

C. W. Swinford, Stoll, Keenan & Park, Lexington, Ky., for defendant.

## MEMORANDUM OPINION

SILER, District Judge.

This matter comes before the Court on the determination by the Magistrate that the removal petition was defective in its jurisdictional allegations. This case had been assigned to the Magistrate for pre-trial conference and for trial as a Special Master by consent of all the parties, pursuant to 28 U.S.C. § 636. Although finding this fault in the removal petition, the Magistrate has recommended allowing the defendant to amend its petition instead of remanding this case to the Laurel Circuit Court. For the reasons stated herein, the Court adopts the Report and Recommendation of the Magistrate and will allow the amendment, thereby curing the defect.

This is a suit for the recovery of medical benefits from an insurance policy and was originally commenced by the plaintiff in the Laurel Circuit Court, demanding damages in the amount of $6,000.00. Nine days later, the plaintiff filed an amended complaint demanding $200,000.00 in additional damages.

In less than thirty days from the filing of the amended complaint, the defendant filed a petition for removal of the action to this Court, asserting removal jurisdiction on the basis of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. §§ 1332, 1441. The allegations in the petition relating to the citizenship of the parties are as follows:

(1) The plaintiff, Mitchell Jackson, was at the time of the commencement of this action, ever since has been, and is now a citizen and resident of the state of Kentucky and of no other state.

(2) The defendant, Metropolitan Life Insurance Company, was at the time of the commencement of this action, ever since has been, and is now a citizen and resident of the state of New York and of no other state, and the defendant, Metropolitan Life Insurance Company, has its principle (sic) office and place of business in the state of New York and in no other state.

More than one year after the removal petition was filed, and after the United States Magistrate had brought to the attention of the parties at a pre-trial conference that the removal petition might be defec-

tive, but without any motion to remand having been filed by the plaintiff, the defendant filed the instant motion for leave to amend its petition for removal and tendered for filing an amended petition incorporating its original allegations. In addition, it added the allegation that "it was at the time of the commencement of this action, ever since has been and is now a corporation incorporated under the laws of the state of New York and of no other state."

As found by the Magistrate, the removal petition originally filed was defective, as it failed to allege that it was incorporated in any particular state as of the time of the commencement of the action and of the time of removal. See *Moore v. Sylvania Electric Products*, 454 F.2d 81, 84 n. 1 (3d Cir. 1972). The question then is whether the defendant may amend its petition for removal pursuant to 28 U.S.C. § 1653 thirty days after the receipt by the defendant of a copy of the pleading or service of summons, in accordance with 28 U.S.C. § 1446(b).

It is the rule in this Court that after the expiration of the period allowed for the removal procedure in 28 U.S.C. § 1446(b), amendments to the removal petition cannot be made to supply an allegation of jurisdiction not before the Court, but the petition may be amended to cure a defective pleading. See *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514 (E.D.Ky.1967); *Roseberry v. Fredell*, 174 F.Supp. 937 (E.D.Ky.1959); *Cline v. Belt*, 43 F.Supp. 538 (E.D.Ky.1942).

In each of these cases cited from this district, the removal petitions did not include the allegation that the corporation involved was a citizen of a particular state. Here, the conclusionary statement is made that it is a citizen of New York and of no other state and was at the time of the commencement of the action. Although imperfectly drawn, the petition for removal appears to contain the ultimate fact or conclusion which is required by law. One only has to go to 28 U.S.C. § 1332(c) to determine by law how the citizenship of a corpo-

ration is determined. To be sure, the petition is defective, but it does not fail to allege the proper jurisdictional requirements under the statute. This follows the suggestion from *Cline v. Belt, supra* at 540, where it quotes from *Town of Fairfax v. Ashbrook*, 3 F.Supp. 345, 346 (N.D.Okl. 1933):

"However, amendments to petitions for removal may be permitted only where the amendment is one to cure technical defects or to amplify the allegations of the petition. . . . Thus, the amendment must do no more than set forth in proper form what has been before imperfectly stated in the petition for removal. A removal petition containing the ultimate facts required by law may be amended to allege in detail the facts, such as a fraudulent joinder."

In *Dodrill v. New York Central R.R.*, 253 F.Supp. 564 (S.D.Ohio 1966); *Smith v. Dealers Transit, Inc.*, 239 F.Supp. 605 (E.D.Tenn. 1965); and *Wells v. Celanese Corp. of America*, 239 F.Supp. 602 (E.D.Tenn.1964), the learned Judge Neese remanded cases where the removal petitions were defective but also alleged that the controversy was between citizens of different states. Those cases are distinguishable because a corporation, of course, may be a citizen of more than one state, if it is incorporated in one state and has its principal place of business in another. See *Dodrill v. New York Central R.R., supra*. Here, the defendant has further alleged that it was not a citizen of any other state. Admittedly, that is conclusionary language, but it states a fact which sets up the diversity jurisdiction of the Court. Therefore, this Court finds that the defendant may amend its petition pursuant to 28 U.S.C. § 1653, because it corrects only a defective allegation and does not provide a new jurisdictional ground. See *Roseberry v. Fredell, supra* at 940. This is in accordance with the case of *Fentress Coal & Coke Co. v. Elmore*, 240 F. 328 (6th Cir. 1917). There, the removal petition alleged that both at the time of commencing suit and filing of the removal petition, the defendant corporation was "a citizen of the State of Pennsylvania and of no other state." *Id.*

at 332. The Court allowed the matter to be remanded to the trial court so that the plaintiff could amend his declaration and establish the necessary diversity of citizenship. Thus, the defect was to be cured, not by amendment of the removal petition, but amendment of the original complaint, essentially serving the same purpose, but allowing the plaintiff the choice. *Cf. La Belle Box Co. v. Stricklin*, 218 F. 529 (6th Cir. 1914). In the case at hand, the plaintiff has not complained of the defective removal petition and is anticipating trial within two weeks of the date of this decision in federal court. If this matter is remanded to the state court, it is likely that the plaintiff will have to wait some length of time before another trial date can be obtained. Thus, by his silence, the plaintiff has indicated no desire to change forums so near to the trial date. The defendant should not be allowed to take advantage of its own mistake. *Roseberry v. Fredell, supra* at 941.