**STANLEY ELECTRIC CONTRACTORS, INC., Plaintiff,**

v.

**DARIN & ARMSTRONG COMPANY and Ford Motor Company and First National Bank & Trust Company of Covington, Kentucky Fireman's Fund Insurance Company and Fidelity & Deposit Company of Maryland, Defendants.**

No. 78–112.

United States District Court, E. D. Kentucky, Covington Division.

March 21, 1980.

---

**770**

Edward S. Monohan, Florence, Ky., Carl L. J. Freihofer, Covington, Ky., for plaintiff.

Douglas G. Cole and Jos. E. Conley, Jr., Cincinnati, Ohio, John J. O'Hara, James A. Nolan, Covington, Ky., Bernard J. Blau, Newport, Ky., for defendants.

## MEMORANDUM OPINION

BERTELSMAN, District Judge.

This action was initiated by the plaintiff, Stanley Electric Contractors, Inc., in the Boone County, Kentucky, Circuit Court on November 14, 1978, seeking damages against defendants, Ford Motor Company and Darin & Armstrong Company for money allegedly due on a construction contract, on which plaintiff was a subcontractor. The defendant, Darin & Armstrong, was general contractor. The First National Bank of Covington, originally named as a defendant, claims a lien on the accounts receivable of the plaintiff, and thus an interest in the potential recovery. Although there exists a dispute over the total amount due, at least $98,022.78 has been admitted as owed from Darin & Armstrong.

The defendants, Darin & Armstrong and Ford, filed a petition for removal to this court alleging diversity of citizenship and seeking to realign First National, as a plaintiff so its position as defendant would not defeat diversity.[1] The defendant, Darin & Armstrong, was thereafter granted leave to interplead all assignees of the plaintiff's

---

1. The court has permitted the realignment, based on the true interests of the parties. *See* Wright, *Federal Courts,* § 30.

accounts receivable, so that the rights of all adverse claimants to the funds admittedly owed by the defendant, Darin & Armstrong, and to the funds claimed by the plaintiff in excess of those admitted, if any are recovered, may be determined.

■ The petition for removal was defective, as hereinafter described, and the defendants now seek to amend, thus presenting the troublesome question whether or not a defective petition for removal of a diversity case from a state court to a federal court may be amended after time for removal has expired.

■ One defect in the petition for removal occurred in that it alleged the citizenship of the parties only at the time of the filing of the petition. No allegation was made of their citizenship at the time of the commencement of the action in the state court. The requirement is, of course: "It must affirmatively appear . . . that there was diversity . . . at the time of the commencement of the state action *and* at the time of filing the petition for removal".[2]

■ Another defect consisted in a failure to allege the principal place of business of the defendant, First National Bank of Covington, Kentucky, except insofar as it might be inferred from the name of the party.[3]

Until recently, it was traditional in this district to construe petitions for removal quite strictly, and not to permit an amendment to a removal petition to cure a defective allegation of jurisdiction, once the statutory time for removal[4] had expired.[5] The cases cited in the preceding footnote involved remands of various removed actions to the state court for a variety of defects in

the averments of the respective removal petitions.

Thus, in *Walsh* the petition failed to show the state in which the corporate defendant had its principal place of business. In *Roseberry*, as in the instant case, the petition failed to state the citizenship of the parties at the time of the commencement of the action. The same defect occurred in *Cline.*

The cited cases stated that removal petitions must be strictly construed in deference to the principle that a federal court is a court of limited jurisdiction. Thus, it was stated in *Cline:*

In order to maintain orderly procedure in the administration of the business of the courts it is essential that rulings, especially on procedural matters, be uniform and the best way to maintain uniformity is for the judges to accept the acts of Congress as written and not construe into non-recognition the plain provisions of the statute and to constantly bear in mind that Congress could have employed different language and enlarged the scope of a given statute had it so desired.[6]

The cases stated that amendments to the removal petition were possible, but "must do no more than set forth in proper form what has been before imperfectly stated in the petition for removal."[7] However, in all of the cases above cited, each defect was construed by the court to be of such a nature that "to permit an amendment would not be a cure of technical defects but the stating of original jurisdictional facts."[8] In other words, the line of cases ending with *Walsh* in effect found that the omission or imprecise statement of any essential fact in the jurisdictional allegations of the removal petition constituted an absent alle-

2. 1A Moore, *Federal Practice,* ¶ 0.161[1] n. 36. (Emphasis added).

3. For diversity purposes national banks are citizens of the state in which they are located. 28 U.S.C. § 1348.

4. 28 U.S.C. § 1446(b) reads in part: "The petition for removal . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading . . ."

5. *Walsh v. American Airlines,* 264 F.Supp. 514 (E.D.Ky., 1967); *Roseberry v. Fredell,* 174 F.Supp. 937 (E.D.Ky., 1959); *Cline v. Belt,* 43 F.Supp. 538 (E.D.Ky., 1942).

6. 43 F.Supp. at 540.

7. *Ibid.*

8. *Roseberry v. Fredell,* 174 F.Supp. at 940.

gation rather than a technical defect. This was the result, even though the jurisdiction may have been alleged in a conclusory manner.

However, a more recent case indicates a departure from the harsh view concerning amendments, while yet maintaining the deserved respect for the necessity of strictly scrutinizing the jurisdiction of the court. Judge Siler's well-reasoned opinion in *Jackson v. Metropolitan Life Insurance Company,* 433 F.Supp. 707 (E.D.Ky.1977) permitted a removal petition to be amended to supply an allegation of the state of incorporation, after the 30-day time limit had expired.

The court stated that it was adhering to the rule laid down in the cases from this district hereinabove cited, and permitting the amendment, "because it corrects only a defective allegation and does not provide a new jurisdictional ground." [9] The facts showing jurisdiction, the court held, appeared in "conclusionary language," and for that reason opened the door to a technical amendment.[10]

Clearly, the result reached in *Jackson* indicates a new solution to the problem of permitting amendments to a removal petition, and is not just a narrow decision going to the particular facts involved in that case. This can be seen upon comparing the facts in *Jackson,* where the averment of the removing defendant's state of incorporation was omitted, with the facts in *Walsh,* in which the defect consisted in the failure to allege the removing defendant's principal place of business. In *Walsh,* as in *Jackson,* the jurisdiction appeared in a conclusory manner. Therefore, there being no substantial factual distinction between the two cases, it follows that *Jackson* must be construed as adopting a new and more liberal approach.

This new solution was required by the consideration that, to permit amendments only when the jurisdiction is alleged in a conclusory manner in the original petition involves serious difficulties. This is well illustrated by the facts in the case at bar. If the averment is made that jurisdiction exists by reason of diversity of citizenship, but the citizenship of the parties as of the commencement of the action is not alleged, has jurisdiction been alleged in a conclusory manner, or is it completely lacking? If a defendant is named as the First National Bank of Covington, has its principal place of business been alleged in a conclusory manner?

Such considerations require abstract philosophical and semantic analyses for which busy modern courts have little time. Better, if the jurisdiction in fact exists, to permit the petition for removal to be amended to reflect it. It appears that the time has come to reexamine this entire matter and expressly to adopt the approach, implied in *Jackson, supra,* that amendments to the jurisdictional allegations of removal petitions should be permitted in the same manner as amendments to any other pleading.

In adopting this view, no disrespect is intended to the late Judge Swinford, the revered jurist who wrote the earlier decision hereinabove cited. Indeed, as will be shown, in the present day the principle underlying Judge Swinford's decisions, namely, that "it is essential that rulings, especially on procedural matters, be uniform," [11] is better implemented by the approach herein adopted, because the more liberal view is now in accord with the great weight of authority.

Also, the view herein expressed better achieves those fundamental principles of federal jurisdiction which Judge Swinford so well stated in *Walsh v. American Airlines, supra:*

> It must always be borne in mind that a federal court is a court of limited jurisdiction and can only entertain those actions which fall squarely within its jurisdiction as that jurisdiction is stated by the act or acts of Congress in conformity to the

---

9. 433 F.Supp. at 709.

10. *Ibid.*

11. *Cline v. Belt,* 43 F.Supp. at 540.

Judiciary Articles of the Constitution. *This court has a responsibility to accept jurisdiction in all proper cases.* (Emphasis added).[12]

 It must be made clear that this opinion is not to be construed as departing in any way from the precept that the *facts* giving rise to federal jurisdiction must be strictly construed and alleged with particularity. The decision holds only that the time has come to apply the principles of modern pleading relating to *amendments* to removal petitions, and that amendments should be permitted, to implement the spirit of the statute and rules cited herein, where the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the federal court.

This conclusion is unavoidable for many reasons. First and most important, the great weight of authority has shifted from the strict view to the liberal view in recent years and to achieve the goal of uniformity, it is now necessary that the liberal view be adopted. Indeed, modern statutes and rules of procedure seem to compel its adoption.

It is expressly provided by statute:

Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.[13]

Further, F.R.Civ.P. 81(c) requires that the Federal Rules of Civil Procedure apply to the procedure in removed actions after removal. No reason appears why the liberal amendment provisions of Rule 15(a) should be excepted. That Rule provides that leave to amend "shall be freely given when justice so requires."

In the haste of meeting the relatively short time limits allowed for removal,[14] all too many good lawyers have made technical errors causing their cases to be remanded, when jurisdiction and the right to remove did in fact exist.

So long as Congress provides for the removal jurisdiction, the lodestar of modern procedure, that procedural rules "shall be construed to secure the just, speedy and inexpensive determination of every action," [15] requires that the same principles regarding amendments be applied to removal petitions as to any other pleading.

Not only does the technical construction in effect in days past cause serious adverse effects to attorneys and parties rightfully entitled to invoke the jurisdiction of the federal courts, but in some cases great and needless waste of judicial time and effort, real prejudice to the parties, and severe injustice results. For example, in *Roseberry v. Fredell,*[16] the trial was concluded when the losing party pointed out a technical defect in the removal petition, with the result that the cause had to be remanded to the state court for a retrial. In the instant case substantial proceedings have occurred, including the payment into court of a large sum.

Virtually all of the commentators and the great weight of judicial authority favor the rule adopted by this decision.[17] Indeed, the strict view reflected by the earlier cases hereinabove cited has been expressly criticized.[18]

For the above reasons, the court holds that a petition for removal may be amended under the same considerations governing the amendment of any other pleading containing jurisdictional allegations. An order permitting the defendants to amend in the case at bar has previously been entered.

12. 264 F.Supp. at 515.

13. 28 U.S.C., § 1653.

14. 28 U.S.C., § 1446(b).

15. F.R.Civ.P. 1.

16. *Supra,* note 5.

17. See, e. g., *Willingham v. Morgan,* 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969); *McDuffie, Inc. v. Old Reliable Fire Insurance Company,* 608 F.2d 145 (5th Cir., 1979); *Hendrix v. New Amsterdam Cas. Company,* 390 F.2d 299 (10th Cir., 1968). Moore's *Federal Practice,* O.168[3–4], 14 Wright, Miller and Cooper, *Federal Practice and Procedure,* § 3733.

18. Wright, *Federal Courts, § 40* (3rd Ed., 1976). See also *Note,* 42 Texas L.Rev. 398 (1964).