Lonnie C. MASTERS and Ruth Masters, Plaintiffs,

v.

CHAPIN MANUFACTURING COMPANY, et al., Defendants.

Civ. A. No. 80–154.

United States District Court, E. D. Kentucky, Covington Division.

Aug. 26, 1981.

Nick Benson, Rouse & Benson, Walton, Ky., for plaintiffs.

Donald L. Stepner, Covington, Ky., for Chapin Mfg. Co. and Universal Co-op., Inc.

Gregory M. Bartlett, Covington, Ky., for Union Carbide Corp.

## MEMORANDUM OPINION

BERTELSMAN, District Judge.

This products liability action was filed in the Circuit Court of Boone County, Kentucky, by the plaintiffs Lonnie C. Masters and Ruth Masters, his wife, against three defendants, Chapin Manufacturing Company, Universal Cooperative, Inc., and the Union Carbide Corporation. The action was filed in the state court on November 5, 1980.

On November 24, 1980, a petition for removal was filed in this court by the Chapin Manufacturing Company. The petition for removal was timely filed, and all other requisites of the statute governing removal[1] were observed, other than as hereinafter mentioned. The petition for removal alleged with particularity facts showing complete diversity of citizenship among the parties and that the case was otherwise properly removable.

Subsequently, upon a routine review of the file, the court noted that only the Chapin Manufacturing Company had joined in the petition for removal. The other defendants had not refused to join, and in fact now seek to sustain the jurisdiction of this court, but they did not in fact join in a petition for removal within the 30 days allowed for removal of an action from the state to the federal court.[2]

The court issued an order calling this fact to the attention of the parties and setting a day certain by which any party might file motions or memoranda attacking or defending the jurisdiction of this court. The defendants, on June 29, 1981, filed a consolidated amended petition for removal in which all three defendants joined. Subsequently, the plaintiffs filed a motion to remand this cause to the state court on the ground that the amendment could not and should not be permitted, since it was not filed within the 30-day time limit.

Defendants rely on this court's decision in *Stanley Electric Contractors v. Darin & Armstrong Company*,[3] which held that amendments to petitions for removal, which supplied averments of jurisdictional facts, which had been omitted or incorrectly stated in the original removal petition, could be permitted, on the same basis as amendments to other pleadings.

Although it is not specifically spelled out in the applicable statute,[4] it is well settled

---

1. 28 U.S.C. § 1446.

2. 28 U.S.C. § 1446(b).

3. 486 F.Supp. 769 (E.D.Ky.1980).

4. 28 U.S.C. § 1446(a) provides:

   "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States

that "as a general rule, all defendants who may properly join in the removal petition must join."[5] Defendants concede the validity and applicability of the above rule, but argue that they should be permitted to file their consolidated amended petition for removal under the principles laid down in this court's decision in *Stanley Electric Contractors, supra.*

Regrettably, this court must hold that the principles of that decision are of no avail to the defendants on the facts presented in this record and that this cause must be remanded to the state court.

In *Stanley Electric Contractors, supra,* this court said:

"It must be made clear that this opinion is not to be construed as departing in any way from the precept that the facts giving rise to federal jurisdiction must be strictly construed and alleged with particularity. The decision holds only that the time has come to apply the principles of modern pleading relating to amendments to removal petitions, and that amendments should be permitted, to implement the spirit of the statute and rules cited herein, *where the jurisdictional facts do indeed exist,* and the parties are in law entitled to invoke the jurisdiction of the federal court."[6]

The distinguishing factor between this case and *Stanley* is that *Stanley* permitted an amendment to allege omitted jurisdictional facts which had in fact existed when the defective original petition was filed, namely that complete diversity existed at the time of the commencement of the action as well as at the time of the filing of the removal petition.

In the instant case the amendment does not supply an allegation of jurisdictional fact that did exist, but attempts to create belatedly the jurisdictional fact itself. It is a jurisdictional prerequisite that all defendants join in the petition within the 30-day limit.[7] The amended petition states that they join as of the filing of the amended petition, not that they joined at the time of the filing of the original petition, which they in fact did not do.

*Stanley, supra,* makes very clear that the overriding principle that the United States District Court is a court of limited jurisdiction and that the facts giving rise to that jurisdiction must be strictly construed was in no way weakened by the more liberal view adopted concerning amendments to the petition for removal. In making such strict construction, it is apparent that a jurisdictional prerequisite is lacking in this case, namely that all defendants consent to and join in the petition for removal within the 30-day time limit. No amendment can cure this missing prerequisite, which did not in fact exist within the 30-day period.[8]

Therefore, the case must be remanded.

ORDER accordingly.

for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of process, pleadings and orders served upon him or them in such action."

5. 1A Moore's Federal Practice, ¶ 0.168[3–2].

6. 486 F.Supp. at 773 (emphasis added).

7. "Or, another way of stating the general rule is this. Before the plaintiff's choice of the state forum can be avoided, unanimity among all parties substantively entitled to remove is required." 1A Moore, Federal Practice ¶ 0.168[2–3].

8. Although not strictly necessary to this decision, the court will state that the amendment would have been permissible if filed within the 30-day period.