**CONNECTICUT SAVINGS BANK, Heritage Savings and Loan Association, et al., Plaintiffs,**

**v.**

**SAVERS FEDERAL SAVINGS AND LOAN ASSOCIATION and Cushman and Wakefield of Pennsylvania, Inc. a/k/a Cushman and Wakefield Appraisal Division, Defendants.**

**SAVERS FEDERAL SAVINGS AND LOAN ASSOCIATION, Third-Party Plaintiff,**

**v.**

**CITY FEDERAL SAVINGS AND LOAN ASSOCIATION and Cushman and Wakefield of Pennsylvania, Inc. a/k/a Cushman and Wakefield Appraisal Division, Third-Party Defendants.**

No. 86–12002–Civ.

United States District Court, S.D. Florida, Miami Division.

April 16, 1987.

Alice Blackwell White, Broad and Cassel, Maitland, Fla., O.H. Storey, III, Hoover, Jacobs & Storey, Little Rock, Ark., Robert E. Doyle, Asbell, Hains, Doyle & Pickworth, Naples, Fla., for Savers Federal Sav. and Loan Ass'n.

Leigh E. Dunston, Gunster, Yoakley, Criser & Stewart, P.A., West Palm Beach, Fla., George Vega, Jr., Vega, Brown, Nichols, Stanley & Martin, Naples, Fla., for City Federal Sav. and Loan Ass'n.

Leo J. Salvatori, Quarles & Brady, Naples, Fla., Gary R. Battistoni, Drinker, Biddle & Reath, Philadelphia, Pa., for Solamar Venture, Ltd.

---

Bernard Allen, Shea & Gould, Miami, Fla., for Security Sav. and Valley Sav.

Marvin Barkin, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, Fla., for Freedom Federal Sav. and Loan Ass'n and Provident Federal Sav. and Loan Ass'n.

Richard M. Dunn, Dunn & Dresnick, P.A., Miami, Fla., Patrick J. O'Connor, Cozen and O'Connor, Philadelphia, Pa., for Third Party Defendant, Cushman and Wakefield of Pennsylvania, Inc.

Frank X. Kowalski, Jr., Gillette, Pilon and Richman, P.A., Naples, Fla., for plaintiffs/Counter-Defendants.

## ORDER OF REMAND

ARONOVITZ, District Judge.

## I. PROCEDURAL BACKGROUND

This action originated in the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida, by the filing of a Complaint on December 20, 1985 by Connecticut Savings Bank, Heritage Savings and Loan Association, Jefferson Federal Savings and Loan Association and First Home Savings Association (the "permanent financers") against Savers Federal Savings & Loan (the "interim financer") and Solamar Venture (the "project developer"). Shortly thereafter, Savers counterclaimed and on December 23, 1985, Savers filed a third party claim against City Federal Savings and Loan Association, another permanent financers, asserting the same claims as in its counterclaim.

Approximately one year later, the original Plaintiffs moved to join Cushman and Wakefield of Pennsylvania, Inc., a/k/a Cushman and Wakefield Appraisal Division (the "appraiser") as an additional party defendant. That Amended Complaint was permitted to stand as filed by the Circuit Court by Order dated December 1, 1986. By Order of even date, the Circuit Court permitted Savers Federal Savings & Loan Association leave to amend its Third Party Complaint in order to assert a claim against Cushman and Wakefield of Pennsylvania, Inc. a/k/a Cushman and Wakefield Appraisal Division.

Both the Amended Complaint and the Amended Third Party Complaint as it relates to Cushman and Wakefield are virtually the same, sounding in negligence and indemnification.

On January 9, 1987, Cushman and Wakefield removed the entire Circuit Court action to this Court on the basis of the third party action by Savers against it. The original Plaintiffs and Third Party Plaintiff Savers have filed Motions to Remand the entire action to state court, Cushman and Wakefield has filed a Cross-Motion to Retain Jurisdiction, which has been countered by a Motion to Strike Cross-Motion. These Motions are before the Court now.

## II. DISCUSSION

Third party removal practice is governed by 28 U.S.C. § 1441(c) which provides:

(c) Whenever a *separate and independent claim* or cause of action, *which would be removable* if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

A determination of whether a third party action has been properly removed involves a two-prong inquiry according to the statute. First, the claim must be separate and independent from the main action such that it is susceptible of adjudication separate and apart from the claims raised in the main action. Second, it must be apparent that the claim could have originally been brought in federal court had it been sued upon by itself, meaning that a federal court would have jurisdiction over the claim. *See Carl Heck Engineers v. LaFourche Parish Police*, 622 F.2d 133, 136 (5th Cir.1980) ("If the third party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court, there should be no bar to removal.").

■ The threshold inquiry, then, is whether Savers' third party claim against Cushman and Wakefield presents a separate and independent claim within the meaning of the removal statute. In a well-reasoned opinion, affirmed by the former Fifth Circuit, a district court analyzed the issue within the context of indemnity claims. *Marsh Investment Corp. v. Langford*, 494 F.Supp. 344 (E.D.La.1980), *aff'd*, 652 F.2d 583 (5th Cir.1981), *cert. denied*, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982). The *Marsh* court concluded that in one line of cases, the defendants who were vicariously liable in law to the plaintiffs sued the parties who they alleged were the actively negligent tortfeasors. *See, e.g., Croy v. Buckeye International, Inc.*, 483 F.Supp. 402 (D.Md.1979); *Coleman v. A & D Machinery Co.*, 298 F.Supp. 234 (E.D.Cal.1969); *Holloway v. Gamble-Skogmo, Inc.*, 274 F.Supp. 321 (N.D.Ill. 1967). Because these indemnity actions were essentially claims to shift the blame or fault to a third party, the courts deemed them as too dependent to be removable.

As articulated by the *Marsh* court, there is another line of indemnity cases, where the third party defendants had nothing to do with causing the original plaintiffs' or third party plaintiffs' respective injuries. *See Marsh* at 348–49, *citing Carl Heck Engineers, Inc. v. LaFourche Parish Police Jury*, 622 F.2d 133 (5th Cir.1980); *Bond v. Doig*, 433 F.Supp. 243 (D.N.J. 1977); *Wayrynen Funeral Home, Inc. v. J.G. Link & Co.*, 279 F.Supp. 803 (D.Mont. 1968); *Rafferty v. Frock*, 135 F.Supp. 292 (D.Md.1955). In these cases, the third party is an independent "fault-free" entity who is contractually or otherwise obligated to indemnify the third party defendant. As the court in *Marsh* concluded within the context of a claim for indemnity against insurance underwriters:

> Like the claim based on the relet contract in the *Heck* case, the insurance policy claims, although not unrelated to the main claims, were sufficiently independent of them *that a judgment in an action between the tortfeasor and the insurance company alone could be properly rendered.*

494 F.Supp. at 350–51 (emphasis added).

The question is in which category of cases Savers' third party action against Cushman and Wakefield falls. The suit in the main action involves the permanent financers' failure to perform under a loan purchase agreement. The permanent financers seek a declaratory judgment relieving them from responsibility under the agreement because a defective appraisal of the property was rendered in violation of the agreement. Savers, on the other hand, has counterclaimed for breach of that contract. The original Plaintiffs' claims against Cushman and Wakefield and Savers' claims against Cushman and Wakefield each allege that should either one be found liable to the other in the main action, Cushman and Wakefield should be obligated to indemnify them because of their allegedly negligent preparation of the appraisal.[1]

All of the parties in the main action suggest that Cushman and Wakefield are the ultimate "wrongdoers" in this action; indeed, counsel for the permanent financers and counsel for Savers conceded at oral argument that Cushman and Wakefield's liability to their clients, if any, is wholly dependent on an award of damages in the main action.[2] Because a judgment in an

---

1. Cushman and Wakefield has attempted to argue that because Savers has included a claim for negligence apart from its claim for indemnity, the third party action must be deemed separate and independent. Yet a clear reading of the negligence count within Savers' Third Party Complaint belies this notion. The concluding paragraph of the negligence count provides:

> 59. As a result of the foregoing, *Savers is entitled to indemnity* from Cushman and Wakefield for all damages sustained by Savers arising from the negligence and/or professional negligence of Cushman and Wakefield.

(emphasis added).

2. The wholly contingent and dependent nature of Savers' Third Party Complaint against Cushman and Wakefield is further apparent from the language of the prefatory paragraph of the Third Party Complaint:

> 51. *Should* it be determined by this Court that the Permanent Lenders are not obligated to purchase all or any part of the loan as a result of the acts and omissions of Cushman and Wakefield *then* Savers alleges and states

action between Savers and Cushman and Wakefield alone cannot be properly rendered and because Cushman and Wakefield is not merely an independent third party but is claimed to be the ultimate tortfeasor herein, this Court concludes that Savers' third party action against Cushman and Wakefield is not a separate and independent action and should not, therefore, have been removed to this Court.[3]

It is, therefore, ORDERED AND ADJUDGED that this cause be and the same is hereby REMANDED to the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida. The Clerk is hereby DIRECTED to forward the record herein, together with a Certified Copy of this Order, to the Clerk of the Circuit Court of Collier County forthwith.

In view of the fact that the Court concludes that the third party action by Savers and Cushman and Wakefield does not pass muster under the first prong of Section 1441(c)'s requirements, the Court need not and does not reach the second prong, namely, whether this action could have originally been brought in federal court. The Court does note, however, that as to Savers' claim that diversity must exist between all of the parties to the main action and Third Party Defendant Cushman and Wakefield, the former Fifth Circuit has approved removal where diversity of citizenship existed only between the third party plaintiff and third party defendant. *See Carl Heck Engineers, Inc. v. LaFourche Parish Police Jury,* 622 F.2d 133 (5th Cir.1980). Similarly, as to Cushman and Wakefield's claim, through its Cross-Motion to Retain Jurisdiction, that the third party action could have originally been brought based on federal question jurisdiction, it is not apparent from the face of the Third Party Complaint that a federal question is presented. Savers has alleged, as one act of negligence, that Cushman and Wakefield failed to properly abide by the terms of a Federal Home

Loan Bank Board regulation. The Third Party Complaint does not challenge the constitutionality of the regulation nor is it alleged that it creates an independent cause of action apart from the negligence action. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 106 S.Ct. 3229 (1985); *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

---

the following claims against Cushman and Wakefield:
(emphasis added).

**3.** The Court further notes that the removal petition may have been defective as filed herein,

providing an alternative basis for remand, because it was not joined by Cushman and Wakefield's co-third party defendant City Federal Savings. *See, e.g., Masters v. Chapin Mfg. Co.,* 520 F.Supp. 1066 (E.D.Ky.1981).