Mary G. JORDAN, etc., Plaintiff,

v.

Richard MURPHY, et al., Defendant.

No. 3:00CV7212.

United States District Court,
N.D. Ohio,
Western Division.

Sept. 5, 2000.

Alan W. Penamon, Law Offices of Alan W. Penamon, Toledo, OH, for Mary G Jordan, individually and as next friend of minor children Angel Williams, Benjerman Mathis, Darryl Brown, and Alajah Williams, plaintiffs.

Barbara E. Herring, Rex David Fiske, City Of Toledo, Department Of Law, Toldeo, OH, for Richard Murphy, A Bills, R Garcia, P Kujawa, B Wise, J Jablonski, defendants.

John A. Borell, Damian Myron Rodgers, Office of Prosecuting Attorney, Toledo, for Nicole Williams, Lucas County Children Services, defendants.

## MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on the Defendants' objections to the June 26, 2000 Report and Recommendation of the Magistrate Judge. In accordance with *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir.1986), and 28 U.S.C. § 636(b)(1)(B) and (C), this Court has made a *de novo* determination of the Magistrate Judge's findings. For the reasons that follow, the Defendants' objections are well taken.

### BACKGROUND

Plaintiff, Mary G. Jordan, as next friend of four minor children, initiated this lawsuit pursuant to 42 U.S.C. § 1983 against multiple Defendants employed by the Toledo Police Department and the Lucas County Children Services Board. She contends that the Defendants methodology in removing the minor children from the premises constituted a violation of the Fourth Amendment as well as violations of various state tort laws.

Following removal of this action to federal court, Plaintiff filed a motion for default judgment and alternatively, a motion to remand. Upon review of the pending motions, responses and replies, the Magistrate Judge determined that Plaintiff's Motion for Default Judgment was without merit. Next, the Magistrate Judge considered the motion to remand and determined that because all the Defendants did not tender a timely consent, removal was defective and recommended remanding the action to state court. The only objections raised to the Report are those of the Defendants on the removal issue. Accordingly, this Court will adopt the Magistrate Judge's recommendation as to Plaintiff's Motion for Default Judgment and only discuss the objections relative to removal.

### DEFENDANTS' OBJECTIONS REGARDING REMOVAL

Both municipal and county Defendants argue that by virtue of the consent stated in the Notice of Removal and their Joint Statement, subsequently filed, it is clear that they were unanimous in seeking removal of this action to federal court. On

this basis they request that the motion to remand be denied.

In this instance, there is no dispute that all Defendants were served on March 6, 2000. The municipal Defendants filed a Notice of Removal on April 5, 2000, in which they stated, "The Lucas County defendants, Nicole Williams and Lucas County Children Services, have consented to the removal of this action to this Court." (Doc. No. 1, ¶ 3.) This Notice of Removal was signed by counsel for the municipal defendants. Subsequently, on April 13, 2000, all Defendants filed a joint statement indicating again that all Defendants "consented to removal of the action to this Court" and this time it was signed by counsel for both the municipal and county Defendants. (Doc. No. 6.) Most recently, on June 29, 2000, Defendants filed a Joint Motion to Amend the Notice of Removal by Way of Supplementation (Doc. No. 21) which, at present, remains unopposed.

In her Report the Magistrate Judge correctly relied upon the rule of unanimity[1] where a removal action, instituted under 28 U.S.C. § 1446, involves multiple defendants. It was her determination, however, that because of a technical failure of the county Defendants to "join in"[2] or consent to removal in a timely manner under § 1446(b), the case must be remanded to state court. This view has been adopted by other district courts in this Circuit. See Knickerbocker v. Chrysler Corp., 728 F.Supp. 460, 461–62 (E.D.Mich.1990) (although removal notice was not required to be signed by other defendants, an official filing or voicing of consent by those other defendants was necessary); Godman v. Sears, Roebuck and Co., 588 F.Supp. 121, 124 (E.D.Mich.1984) (case remanded where non-removing defendant did not file an official consent or joinder within the statutory time period despite the fact that the removing defendant indicated that the non-removing defendant planned to join in the removal). See also, Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d 1254, 1262 n. 11 (5th Cir.1988) ("[T]here must be some timely filed, written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to [the removal][ ]. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant.").

However, the Sixth Circuit in Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co., 5 F.3d 963 (6th Cir.1993), and Gafford v. General Elec. Co., 997 F.2d 150 (6th Cir.1993), allowed defendants to cure jurisdictional defects in their removal petitions after the time for removal had expired. In doing so, the rationale behind their decisions was explained as follows:

Better if jurisdiction in fact exists, to permit the petition for removal to be amended to reflect it. It appears that the time has come to reexamine this entire matter and expressly adopt the approach ... that amendments to the jurisdictional allegations of removal petitions should be permitted in the same manner as amendments to any other pleading.

.    .    .    .    .

It must be made clear that this opinion is not to be construed as departing in any way from the precept that the facts giving rise to federal jurisdiction must be strictly construed and alleged with particularity. The decision holds only that the time has come to apply the principles of modern pleading relating to amendments to removal petitions, and that amendments should be permitted, to implement the spirit of the statute

---

1. The purpose behind this rule is to prevent duplicative litigation in two courts (state and federal) and requires that all defendants join in the removal of the case. See Bauer v. Transitional School Dist. Of City of St. Louis, 88 F.Supp.2d 999, 1002 (E.D.Mo.2000).

2. The term "join in" in this context has been delineated to mean support in writing. See 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.30[2][a][ii][B] (3d ed.1999).

and rules cited herein, where the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the federal court.

. . . . .

Virtually all of the commentators and the great weight of judicial authority favor the rule adopted by this decision. Indeed, the strict view reflected by earlier cases hereinabove cited has been expressly criticized.

For the above reasons, the court holds that a petition for removal may be amended under the same considerations governing the amendment of any other pleading containing jurisdictional allegations.

*Gafford,* 997 F.2d at 164 and *Tech Hills III,* 5 F.3d at 969, quoting *Stanley Elec. Contractors, Inc. v. Darin & Armstrong Co.,* 486 F.Supp. 769, 772–773 (E.D.Ky. 1980) (emphasis in original). Although involving jurisdictional allegations, the Sixth Circuit, in an unpublished opinion, extended this same reasoning to an alleged procedural deficiency, such as a failure to include all defendants in a removal petition. *See Klein v. Manor Healthcare Corp.,* 19 F.3d 1433, 1994 WL 91786 **3–4 (6th Cir.1994) (unpublished).

Given the current stance of liberal amendment standards as applied to removal actions, coupled with the lack of Plaintiff's opposition to the Defendants' Joint Motion to Amend to Notice of Removal, the Court finds the Joint Motion to Amend to be well taken. Taking into account Defendants' amendment and their April 13, 2000 Joint Statement expressing such consent, the Court finds the Defendants have met the unanimity requirement in order to perfect removal to this Court.

## CONCLUSION

For reasons stated above, the Court grants Defendants' unopposed Joint Motion to Amend the Notice of Removal (Doc. No. 21). The Court also adopts, in part, the June 26, 2000 Report and Recommendation of the Magistrate Judge. Accordingly, Plaintiff's Motion for Default Judg-ment and for Remand (Doc. No. 8) is denied. Finally, this matter is referred back to the Magistrate Judge for further pretrial supervision.

IT IS SO ORDERED.