**Edward GREENWOOD, et al., Plaintiffs,**

v.

**DELPHI AUTOMOTIVE SYSTEMS INC., et al., Defendants.**

No. C–3–00–384.

United States District Court,
S.D. Ohio,
Western Division.

Nov. 6, 2000.

Thomas A. Hansen, Dayton, OH, for Plaintiffs.

Lori A. Clary, Columbus, OH, Robert S. Walker, Tracy K. Stratford, Cleveland, OH, Thomas J. Replogle, Thomas H. Pyper, Dayton, OH, for Defendants.

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION FOR REMAND (DOC. # 8)

RICE, Chief Judge.

This litigation arises out of the alleged sexual harassment, harassment, and intimidation of Plaintiff Edward J. Greenwood ("Greenwood"), an employee of Defendant Delphi Automotive Systems, Inc. ("Delphi"), by two of his co-workers, Defendants Crystal Long and Teri Engleman.[1] Plaintiff alleges that their conduct was known by Defendant Gerald Seege, a Delphi supervisor, but that no action was taken. Plaintiff further alleges that he filed complaints with his union, Defendant IUE Local 755, but due to the conspiracy between Defendants David Heizer ("Heizer"), Edward Harm ("Harm"), and James Clark ("Clark"), his complaints were neither investigated nor addressed.

Plaintiff initiated this litigation in the Montgomery County Court of Common Pleas on June 30, 2000 (Doc. # 1). On August 2, 2000, Delphi, with the written consent of the other Defendants, removed the action to this Court, alleging that the claims against the union and its representatives are preempted by § 301 of the Labor Management Rela-

---

1. Plaintiff's wife, Naoka Greenwood, also sets forth a claim for loss of consortium. Hereinaf- ter, the term "Plaintiff" will be used to refer to Edward Greenwood only.

tions Act ("LMRA"), 29 U.S.C. § 185(a) (*id.*). Pending before the Court is Plaintiffs' Motion for Remand (Doc. # 8). For the reasons assigned, the Motion is OVERRULED.

■ The party seeking to litigate in federal court bears the burden of establishing the existence of federal subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). This is no less true where, as here, it is the defendant, rather than the plaintiff, who seeks the federal forum. *E.g., Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996). When the party asserting federal jurisdiction finds its allegations challenged, it must submit evidence substantiating its claims. *Amen v. City of Dearborn*, 532 F.2d 554, 560 (6th Cir.1976). The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true. *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir.1993). The district court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990) (citations omitted). The court may consider such evidence without turning the motion into one for summary judgment. *Id.*

■ In the instant case, Plaintiff does not argue that this Court lacks subject matter jurisdiction. In other words, he does not argue that his state law claims against the IUE Local 755, Heizer, Harm and Clark are not preempted by § 301 of the LMRA. Rather, he asserts that this litigation must be remanded to state court due to a procedural defect in the removal process. Specifically, Plaintiff argues that the Notice of Removal was signed by attorneys who were not, at that time, permitted to practice in this Court, either pursuant to Local Rule 83.4 (Admission to the Bar) or pursuant to Local Rule 83.5(d) (Pro Hac Vice status). In support of his Motion, Plaintiff relies on Local Rule 83.5, which provides, in pertinent part:

(a) **Designation and Responsibility.** Unless otherwise ordered, in all actions filed in, transferred to or removed to this Court, all parties not appearing in propria persona shall be represented of record by a "trial attorney" who is both a permanent member of the bar of this Court in good standing and a member in good standing of the bar of the Supreme Court of Ohio. . . .

(b) **Signing of Pleadings and Motions.** All pleadings and motions filed on behalf of a party represented by counsel shall be signed by one attorney in his or her individual names as the trial attorney referred to in Section (a) of this rule, followed by the designation "Trial Attorney" together with his or her typed name, office address, zip code, and telephone number and area code. . . .

Plaintiff asserts that Ms. Stratford and Mr. Walker did not satisfy these requirements at the time that they signed the Notice of Petition. He argues that, as a consequence, the Notice of Petition is a nullity. Plaintiff further asserts that Delphi has attempted to defeat these requirements by having attorney Lori A. Clary file a Motion for Admission Pro Hac Vice for those attorneys.

As an additional argument, Plaintiff contends that the signature of Mr. Replogle does not cure the alleged defect. He contends that because Delphi's Notice was a nullity, Delphi has not joined in the removal action. In his words:

The original filing by Attorneys Stratford and Walker did not join Delphi as neither Attorney[ ] Stratford nor Walker could sign the pleading as a 'Consent to'[,] because they were not admitted to this Bar. Therefore[,] Delphi itself would have had to sign and consent to be joined as a Defendant[,] and this was not done.

Doc. # 8 at 2–3. Thus, Plaintiff argues that in the absence of the written consent of all Defendants by counsel, all of whom were admitted to practice in this Court at the time of removal, the Notice of Petition is procedurally defective and remand is required.

In response, Delphi presents two arguments. *First*, it asserts that any defect due to an unadmitted attorney's signature is cured once the attorney is admitted in the jurisdiction. *Second*, Delphi argues that its Notice of Removal complied with the Local Rules. It states that a Notice of Removal is

neither a pleading or motion, as defined by the Federal Rules of Civil Procedure, and, therefore, its counsel was permitted to file the Notice first and subsequently request admission pro hac vice. Defendant further contends that Plaintiff's interpretation of the Local Rules defies common sense, given that Ms. Stratford and Mr. Walker could not request admission pro hac vice in this Court prior to the commencement of the federal litigation, which was initiated upon removal. Upon review of the Notice of Removal, the Local Rules, and the case law, this Court concludes that Plaintiff's Motion must be overruled.

As recognized by the parties, 28 U.S.C. § 1446 sets forth the procedures for removal of a lawsuit from state court to federal court. Section 1446(a) provides that a defendant or defendants who desire to remove a civil action from state court shall file a Notice of Removal, signed in accordance with Fed. R.Civ.P. 11, in the proper district court. 28 U.S.C. § 1446(a). The Sixth Circuit has interpreted section 1446 to require that all defendants who have been served either join in or consent to the removal.[2] *E.g., Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533–34 n. 3 (6th Cir.1999) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal."). It is clear from the Notice of Removal that all of the Defendants herein intended to consent to the removal of this action from the Montgomery County Court of Common Pleas to this Court. The Notice was signed by Ms. Stratford and Mr. Walker, who were counsel for Delphi in state court, and by Mr. Thomas Replogle, counsel for the remaining Defendants and a member of the bar of this Court.

Accepting, *arguendo*, Plaintiff's assertion that Ms. Stratford and Mr. Walker's signing

of the Notice of Removal was a procedural defect, Sixth Circuit authority indicates that such defects are curable. In *Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963 (6th Cir.1993), and *Gafford v. General Elec. Co.,* 997 F.2d 150 (6th Cir. 1993), the Sixth Circuit allowed defendants to cure jurisdictional defects in their removal petitions after the time for removal had expired. The Sixth Circuit reasoned:

> Better if jurisdiction in fact exists, to permit the petition for removal to be amended to reflect it. It appears that the time has come to reexamine this entire matter and expressly adopt the approach ... that amendments to the jurisdictional allegations of removal petitions should be permitted in the same manner as amendments to any other pleading. * * * ,
>
> It must be made clear that this opinion is not to be construed as departing in any way from the precept that the facts giving rise to federal jurisdiction must be strictly construed and alleged with particularity. The decision holds only that the time has come to apply the principles of modern pleading relating to amendments to removal petitions, and that amendments should be permitted, to implement the spirit of the statute and rules cited herein, where the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the federal court. * * *
>
> Virtually all of the commentators and the great weight of judicial authority favor the rule adopted by this decision. Indeed, the strict view reflected by earlier cases hereinabove cited has been expressly criticized. For the above reasons, the court holds that a petition for removal may be amended under the same considerations governing the amendment of any other pleading containing jurisdictional allegations.

*Gafford,* 997 F.2d at 164, quoting *Stanley Elec. Contractors, Inc. v. Darin & Armstrong Co.,* 486 F.Supp. 769, 772–73 (E.D.Ky.

**2.** There are three exceptions to the general rule that all defendants join or consent to the removal. The exceptions apply when: (1) the non-joining defendant has not been served with service of process at the time the removal petition is filed; (2) the non-joining defendant is merely a nominal or formal party; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c). *Klein v. Manor Healthcare Corp.,* 1994 WL 91786, n. 8 (6th Cir. Mar. 22, 1994). A Notice of Removal filed by less than all defendants "is considered defective if it does not contain an explanation for the nonjoinder of those defendants." *Id.*

1980); *Tech Hills III*, 5 F.3d at 969. In *Klein v. Manor Healthcare Corp.*, 1994 WL 91786, n. 8 (6th Cir. Mar. 22, 1994), the Sixth Circuit applied the reasoning in *Gafford* to permit the defendants to cure a procedural deficiency in the Notice of Removal. In that case, the defendants' Notice of Removal failed to explain why one of the defendants had not joined in the removal. In stating that the district court properly allowed the defendants to cure that failure, the Sixth Circuit stated:

> Here, the parties did not dispute that the district court could, pursuant to a properly-drafted removal petition, exercise federal question jurisdiction over plaintiff's action; the only question was whether the failure to strictly comply initially with the niceties of the removal procedures could prevent the court from doing so. To preclude federal jurisdiction in this instance, we feel, would contravene the spirit of the more recent case law on the subject.

1994 WL 91786 at *5.

In light of the reasoning in *Gafford, Tech Hills III*, and *Klein*, this Court concludes that the signing of the Notice of Removal by licensed attorneys who were not members of the bar of this Court was a curable defect. Plaintiff has not challenged the jurisdictional basis for the removal, and it is obvious that all of the Defendants intended to consent to or join in the removal. In addition, Mr. Walker and Ms. Stratford are licensed attorneys in good standing who were representing Delphi in state court. Upon removal, Delphi immediately sought admission pro hac vice for Ms. Stratford and Mr. Walker in this Court (Doc. # 2). That motion was granted, by notation entry, on August 10, 2000 (*id.*). Consequently, at the time that Plaintiff filed his Motion for Remand (Doc. # 8), this Court had granted Mr. Walker and Ms. Stratford admission pro hac vice. Thus, as expressed by the Sixth Circuit, the Court concludes that to preclude federal jurisdiction in this instance would contravene the spirit of this Circuit's case law on the subject of removal. Accordingly, the Court concludes that the

alleged procedural defect occasioned by the signatures of Mr. Walker and Ms. Stratford on the Notice of Removal has been cured by their subsequent, timely admission pro hac vice.

The fact that the Local Rules require all parties to be represented by a "Trial Attorney" does not alter this result. Delphi has not attempted to pursue this litigation with unadmitted counsel. Rather, immediately following removal, Delphi designated Ms. Lori Clary as its Trial Attorney (Doc. # 2), and proceeded to obtain admission pro hac vice for Mr. Walker and Ms. Stratford. Although Delphi should have engaged counsel who is admitted to practice in this Court prior to removing the litigation, the removal of this action by Mr. Walker and Ms. Stratford, under the present circumstances, does not justify remand. In light of the facts that Defendants have complied with the statutory requirements for removal, that Mr. Walker and Ms. Stratford immediately sought pro hac vice status following removal, and that their request was granted, Plaintiff has not been prejudiced in any way by their alleged failure to follow the Local Rules. The Court concludes that, under these circumstances, it would be an abuse of its discretion to refuse to exercise its undisputed subject matter jurisdiction over this action and to remand this case to state court.[3] *See Salehpour v. University of Tenn.*, 159 F.3d 199, 205 (6th Cir.1998)(stating that a claim or motion should only be dismissed for failure to follow a local rule in extreme circumstances). Plaintiffs' Motion for Remand (Doc. # 8) is OVERRULED.

---

**3.** In the light of the Court's conclusion that the alleged procedural defect in removal has been cured by the attorneys' subsequent admission pro hac vice, the Court need not determine whether the removal by Mr. Walker and Ms. Stratford, in fact, violated this Court's Local Rules.