**Connie HICKS, Plaintiff,**

v.

**EMERY WORLDWIDE, INC., et al., Defendants.**

**No. C–3–02–131.**

United States District Court, S.D. Ohio, Western Division.

Feb. 28, 2003.

Jerome Skinner, Cincinnati, OH, for Plaintiff.

Craig Andrew, Shahela Parulkar, Jay Eggspuehler, Mark Melko, Columbus, OH, Gordon Arnold, Christopher Johnson, Dayton, OH, Ann Taylor, Charles McCabe, Gary Westerberg, Chicago, IL, for Defendants.

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR REMAND (DOC. #11); CAPTIONED CAUSE REMANDED TO THE MONTGOMERY COUNTY COURT OF COMMON PLEAS; JUDGMENT TO BE ISSUED ACCORDINGLY; TERMINATION ENTRY

RICE, Chief Judge.

This litigation arises out of the crash of a DC–8–71F aircraft, registration number N8079U, allegedly owned by Emery Worldwide Airlines, Inc. ("EWA"), and operated by Defendant Emery Worldwide, Inc. ("Emery"), on February 16, 2000. Russell Hicks, the flight engineer on the aircraft, was killed during the crash, along with the other crew members. In her Complaint (Doc. #1), Connie Hicks, the administratrix of Russell Hick's estate, alleges that Defendant Tennessee Technical Services, LLC ("TTS"), entered into contracts with Emery to perform maintenance and repair work on EWA's aircraft. Plaintiff further alleges that Defendants Willis Aeronautical Services, Inc., now known as Avioserv San Diego, Inc. ("Avioserv"), and Complete Controls, Inc. ("Com-

plete Controls"), entered into contracts with Emery to provide parts, including elevator control assemblies, for EWA aircraft. On September 9, 1999, TTS allegedly received right hand elevator, right hand elevator gear tab, and right hand elevator control tab assemblies from Avioserv and Complete Controls for N8079U. In November of 1999, the DC–8 aircraft N8079U was delivered to TTS for heavy maintenance. Although the N8079U was originally manufactured to carry commercial passengers, it was converted to carry cargo. Plaintiff alleges that the elevator control systems were defective; that the November, 1999, maintenance was negligently performed; and that these were proximate causes of the February 16, 2000, crash. Plaintiff further alleges that Emery was made aware of the poor maintenance and of misloading problems on EWA aircraft by numerous sources, including reports regarding the crash of another DC–8 cargo plane in 1997.

On February 14, 2002, Plaintiff brought suit against Emery, TTS, Avioserv, Complete Controls and various John Does in the Montgomery County Court of Common Pleas, setting forth three state law causes of action, to wit: (1) negligent supervision and control; (2) wrongful death/intentional tort; and (3) product liability (Doc. # 1). On March 22, 2002, Emery removed the action to this Court, alleging subject matter jurisdiction by way of diversity of citizenship.[1]

Pending before the Court is Plaintiff's Motion for Remand (Doc. # 11).[2] For the reasons assigned, Plaintiff's Motion is SUSTAINED.

The party seeking to litigate in federal court bears the burden of establishing the existence of federal subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). This is no less true where, as here, it is the defendant, rather than the plaintiff, who seeks the federal forum. *E.g., Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 453–54 (6th Cir.1996). When the party asserting federal jurisdiction finds its allegations challenged, it must submit evidence substantiating its claims. *Amen v. City of Dearborn,* 532 F.2d 554, 560 (6th Cir.1976). The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true. *Gafford v. General Electric Co.,* 997 F.2d 150, 158 (6th Cir.1993). The district court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990) (citations omitted). The court may consider such evidence without turning the motion into one for summary judgment. *Id.*

In her Motion for Remand, Plaintiff asserts that the present action must be remanded to the Montgomery County Court

---

1. The parties acknowledge that Plaintiff filed an Amended Complaint with the state court on the same date as, but subsequent to, Emery's filing of its Notice of Removal. This Amended Complaint does not appear with the Notice of Removal. However, Emery has attached that Complaint as Exhibit C to its Memorandum in Opposition to Plaintiff's Motion for Remand (Doc. # 15). Emery indicates that it was served with the Amended Complaint on April 15, 2002 (*id.*).

2. Also pending before the Court is TTS's Motion to Dismiss (Doc. # 9), Avioserv's Motion to Dismiss (Doc. # 28), and Defendants' Motion to continue all dates set forth in August 7, 2002, Preliminary Pretrial Conference Order (Doc. # 37). Because the Court concludes that this litigation must be remanded, it will not address these additional Motions.

of Common Pleas, because (1) one of the defendants, EWA, which is doing business as Emery, has its principal place of business in and is a citizen of Ohio; and (2) all defendants did not consent to removal within the time period allowed. Defendants have responded that Plaintiff did not sue EWA in its initial complaint, that all properly served and joined defendants have consented to the removal, and that none of the properly served and joined defendants is a citizen of Ohio.[3] TTS raises the additional argument that Plaintiff has waived her right to seek remand of this action, on the ground that her motion is untimely. As a means of analysis, the Court will first address whether Plaintiff's Motion has been filed in a timely manner and then, if necessary, turn to Plaintiff's asserted bases for remand.

I. *Timeliness of Plaintiff's Motion for Remand*

■ In its Memorandum (Doc. # 16), TTS asserts that Plaintiff has waived her objection to removal, indicating that she waited until twenty-seven (27) days after the Notice of Removal was filed to seek remand. 28 U.S.C. § 1447(c) provides, in pertinent part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." *Id.; Vogel v. U.S. Office Products Co.,* 258 F.3d 509, 518 (6th Cir. 2001). Herein, as acknowledged by TTS (Doc. # 16 at 1), Plaintiff filed her Motion for Remand (Doc. # 11) on April 18, 2002, within thirty days of the filing of the Notice of Removal. Accordingly, Plaintiff's Motion is timely filed, pursuant to 28 U.S.C. § 1447(c).

II. *Plaintiff's Motion for Remand (Doc. # 11)*

A. *Unanimity Requirement*

■ As recognized by the parties, section 1446(a) of 28 U.S.C. requires that a defendant or defendants who desire to remove a civil action from state court shall file a Notice of Removal, signed in accordance with Fed.R.Civ.P. 11, in the proper district court. 28 U.S.C. § 1446(a). Despite the ambiguity of the term "defendant or defendants," it is well established that removal generally requires unanimity among the defendants. *Balazik v. County of Dauphin,* 44 F.3d 209, 213(3d Cir.1995), citing *Chicago, R.I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 247, 20 S.Ct. 854, 44 L.Ed. 1055 (1900)("[I]f a suit arises under the Constitution or laws of the United States, or if it is a suit between citizens of different states, the defendant, if there be but one, may remove, or the defendants, if there be more than one . . . ."). "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal."[4] *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533–34 n. 3 (6th Cir.1999). A Notice of Removal filed by less than all defendants "is considered defective if it

---

**3.** In its Memorandum in Opposition, Emery acknowledges that TTS and Complete Controls did not consent to removal in a timely manner, thus violating the rule of unanimity (Doc. # 15 at 9).

**4.** There are three exceptions to the general rule that all defendants join or consent to the removal. The exceptions apply when: (1) the

non-joining defendant has not been served with service of process at the time the removal petition is filed; (2) the non-joining defendant is merely a nominal or formal party; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c). *Klein v. Manor Healthcare Corp.,* 19 F.3d 1433, 1994 WL 91786, n. 8 (6th Cir.1994).

does not contain an explanation for the non-joinder of those defendants." *Klein v. Manor Healthcare Corp.,* 19 F.3d 1433, 1994 WL 91786, n. 8 (6th Cir.1994).

■ As an initial matter, the parties appear to disagree as to what event triggers the thirty day time limitation for consenting to or joining in the removal by a co-defendant. 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . . .

In *Brierly,* the Sixth Circuit addressed whether, in cases with multiple defendants served at different times, the last-served defendant is allowed a full 30 days after being served to remove or, instead, only has thirty days from time the first defendant is served. After considering the statutory language of § 1446(b), the court of appeals concluded, as a matter of fairness to later-served defendants, that a later-served defendant has thirty days *from the date of service* to remove a case to federal district court, with the consent of the remaining defendants. ·

In reaching this decision, the Sixth Circuit relied substantially upon the Fourth Circuit's decision in *McKinney v. Board of Trustees of Md. Community College,* 955 F.2d 924 (4th Cir.1992). Therein, the plaintiff had named twelve defendants, who were served at three different times: three were served on April 25, 1988; eight were served on May 19, 1988; and one was served after the May 25, 1988, removal. The first-served defendants, along with seven of those served on May 19th, removed the action to federal court on May 25, 1988, exactly thirty days after service on the first three defendants. The one defendant who had been served on May 19 but who did not join in the petition for removal on May 25, Mr. Saxton Hall Smith, joined in the removal on June 20. The twelfth defendant also joined on June 20. The plaintiff moved for remand, arguing that Smith was required to petition for removal by May 25, thirty days after the first service on any of the defendants. The Fourth Circuit rejected the plaintiff's argument, concluding that Smith had acted in a timely manner when he joined in the removal within thirty days (taking into account that the thirtieth day fell on a Saturday) of being served. *Id.* at 928. Thus, Smith's thirty day time limitation for joining in the removal began when *he* was *served*—not the date that the first-served defendants were served with the complaint, and not the date that the Notice of Removal was filed.

In the present case, Emery removed the action to this Court on March 22, 2002, thirty days from the date it was served. The Notice of Removal sets forth the citizenship of each defendant and the date on which each defendant was served. Specifically, the Notice of Removal indicates that Emery was served on February 20, 2002; IAC Complete Controls, Inc., as the assumed successor corporation of Complete Controls, Inc., was served on February 21, 2002; TTS was served on February 22, 2002; and Avioserv was served on February 25, 2002. Each of the Defendants had thirty days from the date that it received service either to remove the action or to consent to removal by a co-defendant. In other words, Complete Controls (assuming, *arguendo,* that it was properly served) was required to consent to or join in the removal by March 25, 2002 (March 23, 2002, was a Saturday); TTS also was re-

quired to do so by March 25, 2002 (March 24, 2002, was a Sunday); and Avioserv was required to consent to or join in the removal by March 27, 2002.

Avioserv filed its written consent to removal on April 2, 2002 (Doc. # 8). On May 6, 2002, TTS filed a motion for leave to file a consent to removal instanter (Doc. # 13), which the Court granted, *nunc pro tunc*, May 6, 2002 (Doc. # 39). Complete Controls has not submitted any filings with the Court.

In opposing Plaintiff's Motion for Remand, Defendants have presented a multitude of arguments. Interestingly, in its Memorandum Regarding Plaintiff's Motion, Emery agrees with Plaintiff that the rule of unanimity has been violated, and that the case should be remanded to the state court (Doc. # 15 at 9). It acknowledges that, as of that date, Complete Controls and TTS had failed to consent to the removal. It further states that, although Avioserv did consent, it did not do so within thirty days of being served with the Complaint.[5]

TTS and Avioserv respond that Complete Controls has dissolved and was not properly served; thus, it was not required to consent to removal. They indicate that IAC Complete Controls, Inc., which was served with Plaintiff's Complaint, is unrelated to Complete Controls. TTS and Avioserv further assert that TTS expressed its consent to removal on April 1, 2002, when a paralegal working for the firm contacted the Court, inquiring whether a formal notice of consent was required. TTS states that the Court's courtroom deputy advised it that a written consent was not required. They further argue that by filing pleadings and motions in this Court, TTS has consented to removal. Avioserv asserts that it filed its consent to removal on April 2,

2002, *i.e.*, within thirty days of the removal, thus rendering that consent timely. Finally, TTS argues that any failure of TTS, Avioserv, and Complete Controls to consent to the Notice of Removal in a timely manner was a procedural defect, which Sixth Circuit authority indicates may be curable. As a means of analysis, the Court will focus on each Defendant individually, assessing whether its consent was timely, and then, if necessary, consider whether the untimeliness of any party's consent is a curable procedural defect.

### 1. Avioserv's Consent

 Avioserv indicates that it consented to the removal on April 2, 2002, within thirty days of the filing of the Notice of Removal. Because Avioserv was served on February 25th, it was required to consent to or join in the removal by March 27, 2002. It failed to do so. Accordingly, Avioserv's consent was untimely.

### 2. TTS's Consent

 TTS and Avioserv assert that TTS consented to the removal by filing its Answer and its Motion to Dismiss, and by contacting the Court regarding the need to file a formal consent to removal. The Court disagrees. It is well-established that all properly served defendants must either join in the removal, *i.e.*, by signing the Notice of Removal, or file a formal written consent to the removal. *Brierly*, 184 F.3d at 533, n. 3. "Passive acquiescence is not sufficient." *Patrick v. Joint Const. Code Authority*, 2002 WL 31938726, *2 (E.D.Mich. Dec. 16, 2002). As stated by the court in *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F.Supp. 1074, (E.D.Wis.1993), "The law is clear that the expression of consent must be

---

**5.** Emery initially states that Avioserv did not consent within thirty days of the filing of the Notice of Removal. Further reading of Emery's Memorandum (Doc. # 15) indicates that it meant within thirty days of being served with the Complaint.

unambiguous and the filing of an answer, without more, is ambiguous." *Id.* at 1077; *see also Knickerbocker v. Chrysler Corp.,* 728 F.Supp. 460 (E.D.Mich.1990)(statement in Notice of Removal that non-removing defendant "does not object to the removal" was insufficient to satisfy requirements of § 1446). Thus, a non-removing defendant's filing of motions or pleadings in the federal court, without explicitly indicating consent to or joinder in the removal, is insufficient to satisfy the requirements of § 1446. Accordingly, the Court rejects TTS's argument that it has consented to Emery's removal of this action by way of its filing an Answer and a Motion to Dismiss with the Court. Such actions, without more, are insufficient to constitute an expression of consent.

▬ The Court likewise rejects TTS's argument that it indicated its consent to removal when it contacted the Court to inquire whether it needed to file a formal written consent. Specifically, TTS indicates that a paralegal working for TTS's counsel contacted this Court's courtroom deputy, and that the paralegal was informed that no formal consent need be filed. *First,* this telephone call allegedly occurred subsequent to March 25, 2002, the date that TTS's period of removal expired. Accordingly, assuming, *arguendo,* that the telephone conversation constituted a notice of consent, such notice was untimely. *Second,* whether TTS was required to file a formal consent to removal was readily ascertainable by reference to Sixth Circuit case law, and counsel for TTS should not have turned to this Court's personnel to resolve a legal question. *Third,* even if an oral consent could, under certain circumstances, satisfy § 1446's requirements, this telephone conversation clearly was not an official representation of consent by *counsel* to the Court. Accordingly, the telephone call by a paralegal for TTS's counsel was insufficient to constitute timely consent to the removal.

▬ On May 6, 2002, TTS requested leave to file a Consent to Removal Instanter, which the Court granted. Thus, TTS has, as of this date, filed a formal written notice of consent with the Court. However, because this consent was filed six weeks after the expiration of TTS's removal period, its consent was not filed in a timely manner.

### 3. *Complete Control's Consent*

▬ TTS and Avioserv assert that Complete Control need not have consented to or joined in the removal, because it is a dissolved corporation that has not been properly served. In support of that argument, Avioserv has submitted the affidavit of Robert P. Simbro, counsel for IAC Complete Controls, Inc., a Delaware corporation (Doc. # 17, Ex. J). In his affidavit, Mr. Simbro indicates that IAC Complete Controls was mistakenly served with a complaint in two separate lawsuits: (1) the instant litigation, and (2) a lawsuit filed by Plaintiff in the District Court of Tarrant, Texas (*id.* ¶ 4). Mr. Simbro further states that Complete Controls, Inc., no longer exists, and that in 2001, IAC Complete Controls purchased the assets of AAS Complete Controls, Inc., "free and clear of all liens and claims." (*id.* ¶ 5). He further states that AAS Complete Controls had purchased the assets, but not the liabilities, of Complete Controls, Inc., in 1999 (*id.* ¶ 5). Thus, TTS and Avioserv have provided undisputed evidence that Complete Controls, Inc., is currently a nonexistent entity that has not been properly served. Consequently, this undisputed evidence indicates that Complete Controls need not have joined in or consented to the removal.

### 4. *Whether Untimely Consent is a Curable Procedural Defect*

▬ TTS asserts that any failure to consent to removal in a timely manner

constitutes a procedural defect, which may be cured subsequent to the expiration of the removal period. The Sixth Circuit has held that the statute conferring removal jurisdiction is to be construed strictly, because removal jurisdiction encroaches on a state court's jurisdiction. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999); *Bearup v. Milacron*, 2002 WL 482548, *3 (E.D.Mich. Feb. 28, 2002); *Gafford v. General Electric Co.*, 997 F.2d 150, 164 (6th Cir.1993). As stated by the Sixth Circuit, "[t]he strict time requirement for removal in civil cases is not jurisdictional; rather, it is a strictly applied rule of procedure." *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir.1993), *cert. denied*, 510 U.S. 871, 114 S.Ct. 200, 126 L.Ed.2d 157 (1993). As such, untimeliness in the removal or in the filing of a formal consent is a ground for remand, as long as the timeliness defect has not been waived. *Id.*; *Patrick*, 2002 WL 31938726 at *2 ("Although the thirty-day consent deadline is not jurisdictional, it is nonetheless mandatory and must be enforced.").

In *Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963 (6th Cir.1993), and *Gafford v. General Elec. Co.*, 997 F.2d 150 (6th Cir.1993), however, the Sixth Circuit allowed defendants to cure jurisdictional defects in their removal petitions after the time for removal had expired. The Sixth Circuit reasoned:

Better if jurisdiction in fact exists, to permit the petition for removal to be amended to reflect it. It appears that the time has come to reexamine this entire matter and expressly adopt the approach ... that amendments to the jurisdictional allegations of removal petitions should be permitted in the same manner as amendments to any other pleading. * * *

It must be made clear that this opinion is not to be construed as departing in any way from the precept that the facts giving rise to federal jurisdiction must be strictly construed and alleged with particularity. The decision holds only that the time has come to apply the principles of modern pleading relating to amendments to removal petitions, and that amendments should be permitted, to implement the spirit of the statute and rules cited herein, where the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the federal court. * * * Virtually all of the commentators and the great weight of judicial authority favor the rule adopted by this decision. Indeed, the strict view reflected by earlier cases hereinabove cited has been expressly criticized.

For the above reasons, the court holds that a petition for removal may be amended under the same considerations governing the amendment of any other pleading containing jurisdictional allegations.

*Gafford*, 997 F.2d at 164, quoting *Stanley Elec. Contractors, Inc. v. Darin & Armstrong Co.*, 486 F.Supp. 769, 772–73 (E.D.Ky.1980); *Tech Hills III*, 5 F.3d at 969. In *Klein v. Manor Healthcare Corp.*, 19 F.3d 1433, 1994 WL 91786, n. 8 (6th Cir.1994), the Sixth Circuit applied the reasoning in *Gafford* to permit the defendants to cure a procedural deficiency in the Notice of Removal. In that case, the defendants' Notice of Removal had failed to explain why one of the defendants had not joined in the removal. In stating that the district court properly allowed the defendants to cure that failure, the Sixth Circuit stated:

Here, the parties did not dispute that the district court could, pursuant to a properly-drafted removal petition, exercise federal question jurisdiction over plaintiff's action; the only question was whether the failure to strictly comply initially with the niceties of the removal

procedures could prevent the court from doing so. To preclude federal jurisdiction in this instance, we feel, would contravene the spirit of the more recent case law on the subject.

19 F.3d 1433, 1994 WL 91786 at *5.

In *Jordan v. Murphy*, 111 F.Supp.2d 1151 (N.D.Ohio 2000), the district court permitted the defendants to amend their Notice of Removal after the removal period had expired to cure a defect in compliance with the unanimity requirement. In that case, municipal and county defendants were served on March 6, 2000. The municipal defendants filed a Notice of Removal on April 5, 2000, in which they stated, "The Lucas County defendants, Nicole Williams and Lucas County Children Services, have consented to the removal of this action to this Court." The Notice of Removal was signed by counsel for the municipal defendants only. Subsequently, on April 13, 2000, all of the defendants filed a joint statement indicating again that all Defendants "consented to removal of the action to this Court," signed by counsel for both the municipal and county defendants. On June 29, 2000, the defendants filed an unopposed Joint Motion to Amend the Notice of Removal by Way of Supplementation, in which all of the defendants consented to the removal. In light of the recent Sixth Circuit authority favoring liberal amendment of Notices of Removal, the district court permitted the amendment to the Notice of Removal, indicating that such amendment cured the procedural defect in defendants' compliance with the unanimity requirement. *Id.; see also Greenwood v. Delphi Automotive Sys., Inc.*, 197 F.R.D. 597 (S.D.Ohio 2000) (Rice, C.J.) (the signing of the Notice of Removal by licensed attorneys who were not members of the bar of this Court was a curable

defect, and was cured by subsequent admission *pro hac vice* ); *Scaccia v. Lemmie*, 236 F.Supp.2d 830, 836 (S.D.Ohio 2002) (Rice, C.J.) (overruling motion for remand based on lack of unanimity where notice of removal indicated that all defendants consented to the removal and where non-removing defendants filed formal consent two days after removal).

In the present case, however, the timeliness requirement has not been waived and the circumstances herein are factually distinguishable from those in *Jordan.* As stated, *supra,* the municipal defendants in *Jordan* indicated in their original Notice of Removal that the county defendants had consented to the removal. Thus, although not all defendants signed the Notice, there was timely notice to the district court and the plaintiff that all of the defendants had intended to consent. Herein, the Notice of Removal is devoid of allegations that Emery's co-defendants had been consulted prior to the removal and had given consent to Emery's filing of the Notice of same. Rather, by all appearances, Emery, on its own, decided to remove the action to federal court, and any subsequent consent by its co-defendants was obtained after the removal period had expired. In addition, TTS's consent to removal was filed after Plaintiff filed her Motion for Remand. Accordingly, the Court concludes that Defendants' untimely filing of their consents to removal is more than a "technical" defect in the removal process, thus mandating remand to the state court.[6]

In summary, TTS and Avioserv filed consents to the removal more than thirty days after being served by Plaintiff. Accordingly, their consents were rendered in an untimely manner. In addition, the Court concludes that, under the present

**6.** The Court notes that Emery's failure to state in the Notice of Removal that Complete Control need not consent to the removal, because

it has dissolved, is a defect which would generally be curable by the filing of an Amended Notice of Removal.

circumstances, TTS and Avioserv's failure to consent in a timely manner does not present a "technical" defect in the removal process which is curable after the expiration of the time for removal.[7]

For the foregoing reasons, Plaintiff's Motion for Remand (Doc. # 11) is SUSTAINED.

The captioned cause is REMANDED to the Montgomery County Court of Common Pleas from where it came.

Judgment is to be issued accordingly.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

7. Because the Court concludes that this litigation must be remanded due to the failure of the non-removing Defendants to consent to the removal in a timely manner, the Court need not determine whether Plaintiff named EWA (as opposed to Emery) in her original Complaint, whether a resident defendant has been named, whether the naming of EWA would constitute fraudulent joinder, or whether a non-entity is capable of removing an action to federal court.